**BLUE DIAMOND COAL COMPANY**

**v.**

**UNITED MINE WORKERS OF AMERICA.**

**Civ. A. No. 6189.**

United States District Court
E. D. Tennessee, N. D.

Feb. 27, 1968.

John A. Rowntree, Fowler, Rowntree, Fowler & Robertson, Knoxville, Tenn., for plaintiff.

E. H. Rayson, Kramer, Dye, Greenwood, Johnson & Rayson, Knoxville, Tenn., for defendant.

## OPINION

ROBERT L. TAYLOR, Chief Judge.

There are two motions of the defendant before the Court for consideration. The first seeks an order for a more definite statement from the plain-

tiff under Rule 12(e) of the Federal Rules of Civil Procedure. As indicated to counsel during the oral argument, the information sought in the motion may be obtained by defendant under the discovery rules. It is, therefore, the opinion of the Court that the motion be overruled.

The second motion asks for a transfer of the case from this Court to the Eastern District of Kentucky at Lexington, pursuant to Title 28 U.S.C. Section 1404 (a). In support of the motion defendant urges that the operative facts out of which the action arose occurred in Kentucky and that the spirit, if not the letter, of the venue statute favors trial of the case in the locale of the operative facts.

In the main, the operative facts of this case, if the Court understood counsel's oral argument correctly, occurred in Perry County, Kentucky, where the negotiations between the parties took place. Counsel for the defendant indicates that the negotiators would all testify orally when the case is heard on the merits, and that these witnesses reside largely in the Eastern District of Kentucky. Defendant further asserts that the plaintiff's business to the extent that it is involved in this litigation is conducted within the Eastern District of Kentucky, and that plaintiff's wholly owned subsidiary, Scotia Coal Company, commenced an action against the defendant in the Eastern District of Kentucky which presents substantially similar issues for determination and which is now pending in the District Court at Lexington, Kentucky.

As indicated to counsel at the hearing, the most persuasive argument for granting the transfer is the existence of the case of the Scotia Coal Company against the defendant now pending in the District Court at Lexington. Counsel for defendant contends that the issues in that case are substantially the same as the issues in the present case and that the testimony except as to damages will be substantially the same in both cases.

It is contended by defendant that the trial of the cases in two separate courts would consume approximately two months while the trial of one consolidated case would consume only one month. The Court recognizes and agrees that it is the policy of the law to save the time of the Court, litigants and lawyers, and expense of litigation, insofar as reasonably possible.

Counsel for the plaintiff, with equal fervency, contends that he gave careful consideration to the venue of the trial before filing the present suit. He asserts in effect that he would favor a trial in Kentucky in order to save time and expense if he felt that such trial would not prejudice the rights of plaintiff.

In that connection, counsel for plaintiff stated that the Scotia mine is a modern mine and is in a better position to operate under the labor contract than the Leatherwood mine involved in the present suit. The Leatherwood mine also operated by the plaintiff is an old dirt operation which is characteristic of the old coal mining operations in the Appalachian region.

Counsel for defendant frankly concedes that the inconvenience to the witnesses who may testify in the case is not a problem; that again the saving of time and expense by consolidating this suit with the suit in Kentucky is the controlling factor favoring the motion. Undoubtedly this is a strong factor to be considered by the Court in determining whether the case should be transferred.

However, the saving of time is not the sole factor. One well established principle of law in our jurisprudence is the right of the plaintiff to select the forum for the trial of his case Crawford Transport Company, Inc. v. Chrysler, (D.C.Ky.1961), 191 F.Supp. 223. In order to overcome this right to the choice of a forum, the one who seeks a transfer must make out a strong, clear case.

In the opinion of the Court the fact that another case is pending in the Kentucky court involving a subsidiary

company is not alone sufficient to justify a transfer of the case even though it would favor such transfer if it could be made without depriving plaintiff of the rights to which it is entitled under the law. See Tobin, Secretary v. David Witherspoon, Inc., 14 F.R.D. 148, 149 (D.C.Tenn.N.D.) In the opinion of the Court there could be some prejudice to plaintiff if such were done.

The motion to transfer is also denied.