**Francis DE MORAES**

v.

**AMERICAN EXPORT ISBRANDTSEN LINES, INC.**

**Civ. A. Nos. 68–1549, 68–1460.**

United States District Court

E. D. Pennsylvania.

Sept. 3, 1968.

Paul M. Goldstein, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

These are actions by a merchant seaman to recover maintenance and cure (C.A. 68–1460) and damages (C.A. 68–1549) from his ship-owner employer because of disability sustained at sea. Defendant has moved that these actions be transferred to the District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). This section gives the District Court a broad discretion to transfer the action to a proper and more convenient forum. 1 J. Moore, Federal Practice (2d Ed. 1964) ¶ 0.145 [5]. In exercising this discretion the initial principle to be given effect is that the plaintiff's choice of forum is entitled to great weight, and defendant has a heavy burden of showing a strong balance of inconvenience. Clendenin v. United Fruit Co., 214 F.Supp. 137, 139 (E.D.Pa.1963).

Defendant claims that it will be inconvenient for it to defend this suit in Philadelphia as opposed to New York City for two reasons. First, the medical records of plaintiff's treatment by the U. S. Public Health Service are located in New York City, Secondly, the witnesses which defendant expects to call either live in or regularly visit New York City. Defendant also relies heavily on the fact that plaintiff, himself, lives in New York City.

These factors do not establish such inconvenience in defending this suit in Philadelphia, rather than New York City as would persuade the Court to disturb plaintiff's choice of venue. The records of the treatment which plaintiff received from the United States Public Health Service in New York City can be made readily available in Philadelphia. Clendenin v. United Fruit Co., supra. at 140. Secondly, the distance between the City of New York and Philadelphia is not so great as to cause defendant any serious inconvenience in trying the case in Philadelphia. The fact that plaintiff lives in New York

City is of no significance to his ability to exercise his venue privilege. Clendenin v. United Fruit Co., supra. at 139.

And now, it is ordered that defendant's motion to transfer this action under 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of New York is denied.