**BAYLY MANUFACTURING COMPANY,**
**Plaintiff,**

v.

**KORACORP INDUSTRIES, INC., and**
**Koratron Company, Inc.,**
**Defendants.**

**Civ. A. No. C–1109.**

United States District Court
D. Colorado.

April 15, 1969.

Phelps, Hall & Keller, by Glen E. Keller, Jr., Denver, Colo., and Watson, Leavenworth, Kelton & Taggart, by Thomas V. Heyman, New York City, for plaintiff.

Holland & Hart, by Gordon G. Greiner, Denver, Colo., and Brobeck, Phleger & Harrison, by Moses Lasky, San Francisco, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, Judge.

Defendants have moved to transfer venue of this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). The facts pertaining to this case which bear on this issue as it affects the plaintiff are as follows:

Plaintiff Bayly is a Colorado corporation engaged in garment manufacturing. It has its principal office and place of business in Denver, Colorado, and has manufacturing facilities in Greeley, Colorado; Pleasant Grove, Utah; Yakima, Washington; and Visalia and Sanger, California. Defendant Koracorp is a California corporation which manufactures men's and women's clothing and sells it through its own sales staff throughout the United States. Koracorp has its principal office and place of business in San Francisco but it has a sales office in Denver with a staff which sells its goods throughout Colorado. Defendant Koratron is a wholly-owned subsidiary of Koracorp. It is also a California corporation and its principal office and place of business is in San Francisco. It is engaged in licensing garment manufacturers to use its patents and the trademark Koratron in the manufacture and sale of permanent press garments and in licensing textile mills and finding manufacturers to use the trademark Koratron on fabrics and findings for permanent press garments.

Koratron was formed in March 1964. Mr. Henry B. Weil served from March 1964 until October 5, 1965, as President of Koratron and as Vice-President and a Director of Koracorp. The next President of Koratron, Mr. Herman A. Greenberg, had an employment agreement with Koracorp providing for employment in an executive capacity for at least two years commencing on September 1, 1965. It was during this period, on October 21, 1964, that plaintiff entered into the license agreement with defendants.

In the affidavits filed accompanying defendants' motion to transfer venue plaintiff asserts that all its records relating to the manufacture of garments at all plants are maintained in Denver. It is also asserted that all purchasing is done through the Denver office and therefore plaintiff's business would be severely disrupted by a prolonged trial in San Francisco. Foster affidavit, pp. 6–7. The plaintiff lists the following as prospective witnesses: Wallin G. Foster, President of Bayly, Denver, Colorado; Canton O'Donnell, Jr., Vice-President and Director of Bayly, Denver, Colorado; Calvin Tipton, Secretary-Treasurer in charge of Purchasing, Production, Sales and Financial Records, Denver, Colorado; Thomas R. Hollenbeck, Denver, Colorado; Edgar M. Wurl, Vice-President of Bayly, Visalia, California. Foster affidavit, pp. 6–7.

Defendant Koratron likewise asserts that a prolonged trial in Denver will "seriously cripple the conduct of Koratron's business." Cunningham affidavit, p. 5. All of the files and records of Koratron, as well as those of Koracorp, are located in San Francisco. In addition, Koratron has a staff of executive officers consisting of only five men, and it is asserted that the prolonged absence of any of

these executives will have serious disruptive effect on Koratron's ability to carry on its business. Cunningham affidavit, p. 9. Mentioned as prospective witnesses are: Arthur F. Cunningham, President of Koratron, San Francisco, California; William K. Warnock and Frank G. Hubener, the original recipients of the patents involved, San Francisco, California; and the four other executive officers of Koratron, all residents of the San Francisco, California area.

The *Bayly* case is one of nine other cases filed involving the permanent press patents and licensing practices of Koratron Company, Inc. Five of these are pending in the United States District Court for the Northern District of California, sitting in San Francisco, the defendant's home district: Winter, Inc. v. Koratron Co., Inc., Civil Action No. 49392, filed June 10, 1968; Amory Garment Co. v. Koratron Co., Inc., Civil Acttion No. 49558, filed July 3, 1968; Koratron Co., Inc. v. Metro Pants Co., Inc., Civil Action No. 49671, filed July 24, 1968; Koratron Co., Inc. v. Haggar Co., Civil Action No. 49913, filed September 6, 1968; Levi Strauss & Co. v. Koratron Co., Inc., Civil Action No. 50063, filed September 30, 1968. *Winter, Amory, Metro* and *Haggar* were consolidated for discovery and trial on November 19, 1968, and Koratron stated under oath that it will move to add *Levi Strauss* to the consolidation "to the extent which then appears appropriate" when issue is joined. Wydick affidavit, para. 16, pp. 4–5. Similarly, Koratron asserted that it will seek consolidation of any other case subsequently transferred to the Northern District of California sitting in San Francisco. Wydick affidavit, para. 16, p. 5.

In addition, there are two cases in Kentucky in which decision on Koratron's motion to transfer is being reserved pending the outcome of an appeal to the United States Court of Appeals for the Ninth Circuit in a related matter. Cowden Mfg. Co. v. Koratron Co., Inc., No. 23287; see Wydick affidavit, Exhibits G and H, and paragraph 17, p. 5. Two cases filed in the Southern District of New York have recently been transferred to the Northern District of California sitting in San Francisco. Blue Bell, Inc. v. Koratron Co., Inc., 68 Civ. 4184 (S.D. N.Y. February 18, 1969); Henry I. Siegel, Inc. v. Koratron Co., Inc., 68 Civ. 3496 (S.D.N.Y. January 28, 1969).

All of these appear to be substantially similar to the extent that such a conclusion may be drawn from the initial pleadings. Although Bayly's allegations are not identical with the allegations of any one complaint now pending in the Northern District of California, a review of the complaints and answers in all pending cases reveals that each of the issues raised by Bayly is already before the California court. For example, the following issues alleged by Bayly have been asserted in each of the seven suits now pending in California: monopolization of the manufacture and sale of permanent press fabrics and garments; license agreement illegally restrains trade by requiring licensee to cease to use the process after the agreement ends even though the process may then have passed into the public domain, and the license agreement illegally restrains trade by requiring the licensee to grant back all improvements. Six of the actions pending in San Francisco have alleged along with Bayly the following: licensee illegally compelled to accept the licensing scheme under threat of patent infringement; the royalty free agreement with Dan Rivers restrains competition; and Koratron has unlawfully attempted to extend its patent to monopolize unpatented fabrics. All of the other legal issues alleged by Bayly in its complaint have been raised by other parties before the District Court in California.

■ A decision to transfer under 28 U.S.C. § 1404(a) rests entirely in the discretion of the District Judge. Akers v. Norfolk & Western Ry., 378 F.2d 78, 80 (4th Cir. 1967); Houston Fearless Corp. v. Teter, 318 F.2d 822, 828 (10th Cir. 1963). Among the factors considered in determining a motion to transfer venue are: the plaintiff's right to choose

his forum; the convenience of the parties including potential disruption of their business; the convenience of the probable witnesses; the forum where the case can be most expeditiously tried; and the interests of justice, "a term broad enough to cover the particular circumstances of each case." Schneider v. Sears, 265 F.Supp. 257, 263 (S.D.N.Y. 1967) ; see Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) ; Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967).

The various factors of convenience have received extensive consideration and we find them inconclusive. Whether the trial is conducted in Denver or in San Francisco there is bound to be inconvenience, expense and problems of logistics to one or the other parties and their witnesses. The record before us is such that there can be no decision that is satisfactory to both sides.

■ We recognize the rule that plaintiff's choice of forum in an antitrust action should not lightly be set aside, O'Neil Trucks Pty. Ltd. v. Pacific Car & Foundry Co., 278 F.Supp. 839, 843 (D. Hawaii 1967), and that additional consideration is proper if plaintiff chooses the forum in which he resides. Popkin v. Eastern Air Lines, Inc., 253 F.Supp. 244, 246 (E.D.Pa.1966); Rodgers v. Northwest Airlines, Inc., 202 F.Supp. 309, 312 (S.D.N.Y.1962) ; Robbins Music Corp. v. Alamo Music, Inc., 119 F.Supp. 29, 31 (S.D.N.Y.1954). Balanced against this consideration is the similarity as indicated by the pleadings between the case before us and the cases now pending in the Northern District of California. This situation creates problems of unnecessary duplication of time and expense, particularly with respect to pretrial procedures.

■ The pendency of similar actions in the proposed transferee district is a persuasive factor to be considered but it alone is not sufficient to justify a transfer. Thomson & McKinnon v. Minyard, 291 F.Supp. 573, 577 (S.D.N.Y. 1968) ; Blue Diamond Coal Co. v. United Mine Workers, 282 F.Supp. 562, 563-564

(E.D.Tenn.1968) ; Cressman v. United Air Lines, Inc., 158 F.Supp. 404, 407 (S.D.N.Y.1958). The propriety and consequences of consolidating the related cases should also be considered to determine if it would result in prejudice to any party. See Note, The Problem of Venue in Multiple District Litigation, 41 Notre Dame Lawyer 507, 514 (1966). If venue is transferred in the case before us, Bayly will be forced to share the prosecution of its claims with seven and perhaps nine other plaintiffs in consolidated trial. Furthermore, trial could be had sooner in this district than in the Northern District of California.

■ There is one other consideration which we regard as highly persuasive and that is the effect of the unloading so to speak, of this case on the District Court for the Northern District of California without knowing what effect it will have on that Court's docket. The granting of a motion to transfer is relatively simple. The consequences of it are highly complex and on the basis of the present record, we are not in a position to evaluate this factor. Accordingly, we are reluctant to transfer venue at this time at least, even though there are similar actions pending in the Northern District of California. See Blue Diamond Coal Co. v. United Mine Workers, 282 F.Supp. 562, 563-564 (E.D.Tenn.1968).

■ Finally, we are of the opinion that the instant case is an ideal one for limited transfer under 28 U.S.C. § 1407 (a), which provides for transfer by the Judicial Panel on Multidistrict Litigation following its determination that transfers for consolidated pretrial proceedings will serve the convenience of parties and witnesses, and will promote a just and efficient conduct of such actions. The case at bar has common questions of fact with numerous civil actions pending in other districts, and while it is not the type of antitrust case which is ordinarily processed by the Panel, we can see no reason why it could not lend itself to processing in this manner.

Indeed, it would appear that § 1404 is somewhat obsolete in a situation such as

this.  Proceedings under § 1407 would avoid the duplication of effort and would promote economy.  At the same time, the plaintiff's right to a trial within this District will be preserved, at least until it becomes apparent that the balance of the evidence favors transfer for trial.

Accordingly, the motion for transfer under § 1404 should be and the same is hereby denied.