**INTERNATIONAL MARITIME SUPPLIES COMPANY, Ltd.**

v.

**GENERAL HOST CORPORATION.**

**Civ. A. No. 69–1476.**

United States District Court,
E. D. Pennsylvania.

Oct. 16, 1969.

Edwin P. Rome, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for plaintiff.

Henry T. Reath, Duane, Morris & Heckscher, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

WOOD, District Judge.

This is a motion by the named defendant to dismiss under the doctrine of *forum non conveniens* pursuant to Rule 12(b) (3) or in the alternative for a change of venue pursuant to 28 U.S.C. § 1404(a). Defendant has submitted an affidavit of the Vice-President of General Host which states that: the defendant's offices are located in New York; all the defendant's records relating to the transaction are in New York; all the defendant's employees having knowledge of the transaction and who will be witnesses reside or work in or near New York; the former employee who signed the alleged contract resides nearer to New York than Philadelphia; although General Host does business in the Eastern District of Pennsylvania, the division of General Host conducting business in the Eastern District has no connection with this suit; that the plaintiff is a Swiss corporation having its principal office in Europe; and that the action could have been brought in the Southern District of New York.

After a review of the record, we think both of defendant's motions should be denied. In this Circuit courts have attached great weight to the plaintiff's choice of forum and have held that the party seeking transfer must satisfy a heavy burden of showing hardship or inconvenience to demonstrate that in the interest of justice the action should be tried elsewhere. *Cf.* Fitzgerald v. Central Gulf Steamship Corp., 292 F. Supp. 847, 848–849 (E.D.Pa.1968); Clendenin v. United Fruit Co., 214 F. Supp. 137 (E.D.Pa.1963). We do not think here that the location of defendant's witnesses and business records constitutes sufficient hardship to offset the deference traditionally accorded the plaintiff's choice of forum. *Cf.* De Moraes v. American Export Isbrandtsen Lines, Inc., 289 F.Supp. 861 (E.D.Pa. 1968).

## ORDER

AND NOW, this 16th day of October, 1969, it is ordered that the motions to dismiss pursuant to Rule 12(b) (3) and to transfer pursuant to 28 U.S.C. § 1404 (a) are denied.