**Isabelle McMAHON, Administratrix of the Estate of Patricia McMahon, Deceased**

v.

**GENERAL MOTORS CORPORATION.**

**Civ. A. No. 69–1970.**

United States District Court
E. D. Pennsylvania.

Dec. 24, 1969.

W. Bradley Ward, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

Martin H. Phillip, by John H. Yarema, Allentown, Pa., for plaintiff.

MEMORANDUM AND ORDER

HANNUM, District Judge.

This matter comes before this court on defendant's motion to transfer this

---

action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Plaintiff's decedent was involved in a fatal head-on automobile collision in the State of New Jersey. Plaintiff has instituted suit in the United States District Court for the District of New Jersey against the operator of the other automobile alleging negligent operation. Plaintiff has also instituted this civil action in the Eastern District of Pennsylvania to recover damages for the same injuries, alleging defective design and construction of decedent's automobile on the part of the defendant, General Motors Corporation, which is admittedly subject to suit in the District Court of New Jersey.

In order to prevail on a motion pursuant to 28 U.S.C. § 1404(a) the moving party,

"* * * must make a clear-cut showing that when all the interests are considered, trial would more conveniently proceed and the interests of justice would be better served in the other district," Peyser v. General Motors Corporation, 158 F.Supp. 526, 529 (S.D.N.Y.1968).

In exercising its broad discretion the initial principle to be given effect by the District Court is that plaintiff's choice of forum is entitled to great weight and defendant has a heavy burden of showing a strong balance of inconvenience. Clendenin v. United Fruit Company, 214 F.Supp. 137, 139 (E.D.Pa. 1963). However, each case is unique and must be decided on its own circumstances. McFarlin v. Alcoa Steamship Co., Inc., 210 F.Supp. 793 (E.D.Pa. 1962).

In the present case, after a review of the record, this court concludes that the interests of justice would be better served if this case were transferred to the United States District Court for the District of New Jersey.

The granting of this motion will allow this case to be transferred to a forum in which another action is pending from the same transaction, thus, conserving judicial time and effort, avoiding a possible duplication of damages and preventing a multiplicity of litigation arising from this single transaction. Jurgelis v. Southern Motors Exp., Inc., 169 F.Supp. 345 (E.D.Pa.1959).

While this factor is not conclusive and other factors, such as inconvenience of the parties or witnesses, could induce a court to forgo these advantages such other factors are not present here. In fact, all the other relevant circumstances support defendant's position. The accident in question occurred in New Jersey and the scene of the accident would be more readily available to the jury if a viewing became desirable, the operator of the other automobile, as noted, is a resident of New Jersey, the cause of action alleged by the plaintiff will be governed by the law of New Jersey, and the passengers in the automobiles and another witness do not reside in Pennsylvania and it would, in fact, be to their convenience to attend trial in the transferee forum rather than in the Eastern District of Pennsylvania. For these reasons this court concludes that the transfer of this action would not inconvenience any of the parties or witnesses but rather add to their convenience and greatly serve the interests of justice.