Rachel M. **MAXLOW**, Administratrix of
the Estate of Richard Alan Maxlow,
Deceased

v.

Catherine **LEIGHTON**.

Civ. A. No. 70-2273.

United States District Court,
E. D. Pennsylvania.

May 3, 1971.

Michael T. McDonnell, Jr., Yeadon,
Pa., for plaintiff.

James J. McCabe, Jr., Philadelphia,
Pa., for defendant.

## OPINION

LUONGO, District Judge.

There is before me a motion to transfer this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).[1]

This suit seeks to recover damages for the death of Richard Alan Maxlow caused by a fire on September 14, 1969 in premises owned by the defendant, Catherine Leighton, in Avalon, New Jersey. Plaintiff, administratrix of the decedent's estate, is a citizen and resident of Pennsylvania. Defendant, a citizen and resident of New Jersey, is employed in Philadelphia, Pennsylvania, and for that reason was amenable to service of process in this district. Another suit which arises out of the same incident and which seeks damages for the death of Richard Alan Maxlow was instituted

---

1. 28 U.S.C. § 1404(a) provides:
   "1404. Change of venue
   (a) For the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district court or division where it might have been brought."

by this same administratrix in the United States District Court for the District of New Jersey against Avalon Real Estate Agency, the Borough of Avalon, the Avalon Volunteer Fire Company, and certain officers of the Avalon Fire Department. None of the defendants in the New Jersey suit is subject to service of process in Pennsylvania. The New Jersey suit alleges that the defendants named therein negligently permitted to remain on Catherine Leighton's premises a hazardous condition which contributed to the intensity of the fire which caused decedent's death. Catherine Leighton, defendant herein, has been joined in the New Jersey action as a third-party defendant.

Defendant's first two grounds for transfer merit little discussion. The first ground is that many of the parties and witnesses are from New Jersey and, hence, it would be more convenient to try the case in New Jersey. The distance between Philadelphia, Pennsylvania and Camden, New Jersey [2] is trivial and one forum is as convenient as the other.

■ Defendant's second argument, that this case will be controlled by New Jersey law and that it should therefore be transferred to a court more familiar with that law, is also not persuasive. First, it may ultimately be determined that under Pennsylvania conflict of laws rules,[3] Pennsylvania substantive law will be applicable to some or all of the issues raised. Further, New Jersey law in matters of this kind is not so unlike Pennsylvania's as to pose any special difficulty to a Pennsylvania court. For the same reason, no difficulty would be posed to a New Jersey court applying Pennsylvania law.

The real question in this case is whether the sole remaining ground for transfer, i. e. that there is pending in the transferee district another action, arising out of the same incident instituted by the same plaintiff but against different defendants, is sufficient, in itself, to justify transfer under § 1404(a).

Diligent search by counsel and by the court has failed to disclose any persuasive authority one way or the other, although there are cases from which arguments can be made *pro* and *con.*

There are cases, on the one hand, containing statements that pendency of similar actions in a proposed transferee district may be considered as one factor in determining whether a transfer is justified, but it is never of controlling importance. See Bayly Mfg. Co. v. Koracorp Industries, Inc., 298 F.Supp. 600 (D.Colo.1969); Peyser v. General Motors Corp., 158 F.Supp. 526 (S.D.N.Y. 1958). These cases are not at all persuasive.

In *Peyser,* the district court concluded initially that the convenience of the parties and witnesses would be seriously impaired if the case were transferred. It was only in a footnote at the conclusion of the opinion that the court noted the pendency of similar actions in the proposed transferee district, and in dictum commented that such a factor was not of controlling importance.

In *Bayly Mfg. Co.,* the district court stated, 298 F.Supp. at p. 603, that

"Pendency of similar actions in the proposed transferee district is a persuasive factor to be considered but it alone is not sufficient to justify a transfer."

---

**2.** The District Court for the District of New Jersey maintains a courthouse in Camden, which services litigants in southern New Jersey, including Avalon. The distance between the courthouses in the respective cities is not more than three miles.

**3.** Under VanDusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the conflict of law rules of the trans-

feror district controls the determination of the applicable law. Pennsylvania has adopted the "most significant contacts" approach to conflict of laws. Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796 (1964). There are substantial Pennsylvania contacts in this case and they may well turn out to be the most significant contacts.

The cases cited for that proposition [Thomson & McKinnon v. Minyard, 291 F.Supp. 573 (S.D.N.Y.1968); Blue Diamond Coal Co. v. United Mine Workers, 282 F.Supp. 562 (E.D.Tenn.1968); Cressman v. United Air Lines, Inc., 158 F.Supp. 404 (S.D.N.Y.1958)], however, lend little support to it. In both *Thomson* and *Cressman*, the cases were, in fact, transferred, consequently the comment was dictum. In the remaining case, *Blue Diamond Coal*, the district court stated that the possibility of consolidation was a strong factor to be considered in determining whether to transfer, but that it was not the only factor to be considered. The court denied the motion because it concluded that plaintiff could be prejudiced if the case were transferred.

There are cases, on the other hand, indicating that transfer solely for the purpose of consolidation is proper, but no case clearly holds that transfer of a simple tort claim is warranted solely to permit a single trial rather than two trials in separate forums.

In General Tire and Rubber Co. v. Watkins, 373 F.2d 361 (4th Cir.), cert. denied, Firestone Tire & Rubber Co. v. General Tire & Rubber Co., 386 U.S. 960, 87 S.Ct. 1031, 18 L.Ed.2d 109 (1967), the Court of Appeals for the Fourth Circuit held that a court may transfer a case from one district to another to prevent an extravagantly wasteful and useless duplication of the time and efforts of the federal courts by the simultaneous trial of two complex and elaborate cases involving substantially the same factual issues. The instant case and the one pending in New Jersey hardly qualify as "complex and elaborate cases," consequently, *General Tire* is not clear authority that transfer would be a proper exercise of discretion here.

In Jacobs v. Tenney, 316 F.Supp. 151 (D.Del.1970), the district court granted a motion to transfer for the purpose of consolidation with similar class actions pending in the transferee district even though it found the convenience of the parties in equipoise. That case, however, involved a stockholders' derivative suit against the same defendants (and others sued in the transferee district) with complex questions under federal securities laws, and is consequently not, in my view, good authority for granting the motion to transfer the instant case.

In Ungrund v. Cunningham Bros., Inc., 300 F.Supp. 270 (S.D.Ill.1969), the district court stated that transfer for the purpose of consolidation with pending actions arising out of the same transaction in the proposed transferee district was in itself sufficient to justify transfer. The statement in *Ungrund*, however, is weakened by the fact that the court ordered the transfer for the convenience of the parties and witnesses as well as for the purpose of consolidation.

The case most analogous to the instant case is McMahon v. General Motors Corp., 308 F.Supp. 302 (E.D.Pa. 1969), decided by my colleague, Judge Hannum. In *McMahon*, the plaintiff's decedent was involved in a fatal head-on automobile collision in New Jersey. Plaintiff instituted suit against the driver of the other vehicle in New Jersey, and sued General Motors in this district. Judge Hannum ordered the case transferred to New Jersey in the interests of effective judicial administration, but he also found that the convenience of the parties favored suit in New Jersey. Although *McMahon* lends some support to the proposition that a case may be transferred so that it might be joined with similar actions pending in the transferee district, in light of Judge Hannum's considerations relating to convenience of the parties, I cannot view it as strong precedent that a case may be transferred solely for the purpose of consolidation.

■■ It is apparent that the law relating to the issue raised here is not free from doubt. For reasons which follow, I conclude, albeit with some reservation, that § 1404(a) authorizes transfer where the only reason for the transfer is to enable the case to be consolidated for trial with another case pending in the

transferee district. Accepting that as so, it is my view that the interests of justice will be better served by transferring this case to the United States District Court for the District of New Jersey.

Generally speaking, litigation of related claims in the same tribunal is favored in the federal court system in order to avoid duplicitous litigation, attendant unnecessary expense and loss of time to courts, witnesses and litigants and to avoid inconsistent results. See Schneider v. Sears, 265 F.Supp. 257 (S.D.N.Y. 1967) and cases cited therein.

Section 1404(a) is a codification of this general policy. In VanDusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964) the Supreme Court stated:

> "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice. Thus * * * the purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"

Even prior to *VanDusen*, Mr. Justice Black speaking for the majority of the Court in Continental Grain Co. v. Barge FBL–585, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540 (1960) stated that:

> "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."

Mr. Justice Black's comment is particularly noteworthy in the present state of judicial administration. Both federal and state court systems have of late been severely, and many times justifiably, criticized for inefficiency and delay in processing cases. There is a shortage of proper facilities and personnel for the handling of the ever-increasing volume of litigation. Yet plaintiff insists that she is entitled, as a matter of right, to proceed piecemeal, suing some defendants in one forum, and suing another in a different forum, seeking damages for a death arising out of a single incident, notwithstanding that all defendants could have been sued in one forum. I cannot believe that § 1404(a) is not available as an effective tool to eliminate such waste of judicial resources. Under the present condition of strain on available judicial facilities, there is no good reason for two litigations where one will suffice. See generally Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952).

If the instant case is transferred to New Jersey, there is a substantial likelihood that it might be consolidated for trial with the case already pending there. New Jersey is the only forum in which all the defendants whom plaintiff has seen fit to sue are subject to service of process[4] and where all the issues which plaintiff has seen fit to raise may be finally and conclusively determined in one suit. If consolidation can be effected, it would be in the interests of justice (including the efficient administration of justice), and for the convenience of parties and witnesses to have one trial rather than two. Jacobs v. Tenney, *supra*; McMahon v. General Motors Corp., *supra*; Ungrund v. Cunningham Bros., Inc., *supra*.

I hold that in these precise circumstances, i. e. where a plaintiff has instituted suit in two separate forums, suing some defendants in one and others in another for a death arising out of a single event, and where all defendants could have been sued in one of the two forums, transfer to the forum wherein the suits might be consolidated for trial is

---

4. 28 U.S.C. § 1391(a).

in the interests of justice, serves the convenience of parties and witnesses, and may be ordered under § 1404(a). In the exercise of such discretion, I will grant defendant's motion to transfer.