**Wilfred A. ALLEYNE**

v.

**NIPPON YUSEN KAISHA.**
**Civ. A. No. 70–3347.**

United States District Court,
E. D. Pennsylvania.

May 27, 1971.

---

37. Letter dated July 30, 1970, written by Emmett H. Fremaux, Jr. to the Commanding Officer of Henry Grant Thomas, Jr.

Avram G. Adler, Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiff.

Thomas Lane Anderson, Rawle & Henderson, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VANARTSDALEN, District Judge.

This is a motion by the defendant shipowner to transfer this action pursuant to 28 U.S.C.A. § 1404(a) (1962) from the Eastern District of Pennsylvania to the District Court for the Panama Canal Zone. This motion is denied.

The plaintiff, a seaman, brought suit under the Jones Act, 46 U.S.C.A. § 688 (1958), in this district for personal injuries allegedly resulting from a fall while boarding the M/V ASO MARU which ship is owned by the defendant.

The following are pertinent facts on the question of the most convenient jurisdiction for trying this suit:

(1) Plaintiff is a Panamanian national who resides in the Canal Zone. Plaintiff is a seaman who works as a canal boatswain with Panama Canal Zone Company and is a United States Civil Service employee.

(2) Plaintiff was deposed by the defendant on April 30, 1971 in Philadelphia, Pennsylvania.

(3) On May 31, 1970, plaintiff was allegedly injured while boarding the ship M/V ASO MARU which was moving slowly through Gatun Lake which is part of the canal system.

(4) The M/V ASO MARU is a Japanese ship which seldom, if ever, would come to the Port of Philadelphia, but which occasionally passes through the Panama Canal.

(5) The possible witnesses to the accident would be the employees of Nippon Yusen Kaisha who owned the M/V ASO MARU and the Panamanian seamen who were in the launch from which the plaintiff was disembarking when he fell. In addition there are certain co-employees of the plaintiff who may be witnesses to the permanency of plaintiff's injuries.

(6) All the medical treatment which the plaintiff received was at various hospitals which are part of the United States Public Health Service in Panama with the exception of some very recent examinations in Philadelphia.

(7) Plaintiff's counsel, who is also counsel for plaintiff's union, resides in Philadelphia.

(8) Plaintiff fears that he will not receive a fair trial in the District Court for the Canal Zone.

The statutory authority for granting a change of venue states:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a) (1962).

In 1962, this provision was amended to insure that within the definition of "district court" would be included the district court for the District of the Panama Canal Zone and to insure that within the definition of "district" would be included the territorial jurisdiction of that court. 28 U.S.C.A. § 1404(d) (1971 Supp.).

The party seeking to transfer the suit has the burden of establishing that the forum is inconvenient and that the administration of justice requires the transfer. In addition, where, as here, the plaintiff has chosen the forum and the defendant seeks the transfer, the plaintiff's choice of forum is entitled to considerable weight. Clendenin v. United Fruit Co., 214 F.Supp. 137 (E.D.Pa.1963). It takes a strong balance of inconvenience to overturn the plaintiff's choice. Fitzgerald v. Central Gulf Steamship Corp., 292 F.Supp. 847 (E.D.

Pa.1968); De Moraes v. American Export Isbrandtsen Lines, Inc., 289 F. Supp. 861 (E.D.Pa.1968); Biedrzychi v. Alcoa Steamship Co., Inc., 191 F.Supp. 895 (E.D.Pa.1961).

■ The issue is whether the defendant has, under the facts, met this burden by showing sufficient inconvenience to himself and this court to justify denying the plaintiff his chosen forum. It is the holding of this court that the defendant has not met this burden.

The defendant relies on several pertinent facts illustrating the undesirability of this forum and the desirability of the Canal Zone District as the forum. The defendant first brings to the court's attention that plaintiff's residence is in Panama. This fact is only of limited importance because the plaintiff has chosen the forum and desires his case to be tried here. Thus, whether or not it is convenient to plaintiff is immaterial. In addition the defendant has already deposed the plaintiff in Philadelphia which makes moot any argument that deposing him in Panama would be inconvenient. Some inconvenience could occur to the defendant because it may be more difficult to investigate the plaintiff for purposes of impeaching his credibility through criminal records and reputation in the community. However, this investigation would be difficult regardless of which forum is the ultimate place of trial.

The defendant also argues that it is a Japanese corporation with no office or employees in this district. This is of little practical significance as it does not appear that the vessel or its owner has any greater contact with the Canal Zone beyond the ship occasionally passing through the canal. The vessel is normally on the high seas and out of the jurisdiction of both districts. It appears that there is no court of particular convenience for the defendant. This is also true for those witnesses who were seamen aboard the M/V ASO MARU.

The defendant notes that some of the plaintiff's co-employees were witnesses to the accident. The investigation by the Board of Local Inspectors of the Canal Zone Government on May 31, 1970, contained a transcript indicating that the following Canal Zone seamen were witnesses to the accident: Arsenio I. Bonilla—Launch Operator, Panama Canal Company; Luciano Brown—Launch Seaman, Panama Canal Company; Harvey E. Borden, Deckhand, Panama Canal Company. In addition from defendant's deposing the plaintiff, it has been discovered that there are witnesses who are co-employees of the plaintiff residing in Panama who would attest to the permanency of the injury and its severity. There is no question that the district court for the Canal Zone would be more convenient for both parties in calling these witnesses. The plaintiff has agreed upon defendant's request to arrange the presence of and pay the cost of transporting any material witnesses from the Canal Zone, and, if necessary, to pay reasonable expenses incurred by defense counsel in deposing these witnesses in Panama. Thus, the location of these witnesses creates no serious burden on defendant.

The defendant's contention that inconvenience will result in obtaining medical records because the plaintiff's medical treatment occurred in Panama is not a sufficient reason to sustain a transfer of this case. The treatment received in Panama was given through the United States Public Health Service whose records are generally presented through deposition. Clendenin v. United Fruit Co., 214 F.Supp. 137, 140 (E.D.Pa.1963). Thus, this factor presents no significant inconvenience to the court or parties in this case.

Another argument frequently utilized in similar motions is the lengthy backlog of cases in the Eastern District of Pennsylvania. The transfer would almost always lead to a more rapid disposition of the case in the other district, e. g., Paul Knight v. United States Lines, Inc., C. A.No. 70–2644 (E.D.Pa. March 23, 1971) (decided by Chief Judge John W. Lord, Jr.); Herbert M. White v. Lykes Bros. Steamship Co., Inc., C.A.Nos. 70–2799, 70–2800 (E.D.Pa. January 28, 1971) (decided by Judge Wood). This

factor should not be a controlling reason to transfer a case. It should be apparent that any delay in bringing this case to trial, would normally be to plaintiff's disadvantage. Although defendant equally has the right to obtain a prompt trial, there is no indication that there would be any significant difference in trial time between the two districts. It is reasonable to believe that trial may be held fairly promptly in either district after all pre-trial discovery is completed.

The plaintiff supports his choice of forum by claiming that he cannot receive a fair trial in the Canal Zone. Plaintiff is a citizen of Panama but works in the Canal Zone. Civil juries in the Canal Zone must be composed of United States citizens, resident in the Canal Zone. See 28 U.S.C.A. § 1869 (Supp.1971.) As a result, plaintiff reasonably concludes that juries consist almost exclusively of government civilian and military employees and their dependents. Plaintiff contends that by reason of overwhelming prejudice among United States citizens residing in the Canal Zone against Panamanian citizens, a fair and impartial trial is impossible. Plaintiff's counsel, without presenting any satisfactory proof of this contention (although an affidavit was filed), requests this court to "take judicial notice" of the situation. I specifically reject this argument and the innuendo and accusations contained therein. Nevertheless, it is entirely possible that plaintiff sincerely fears he would not be afforded a fair trial in the Canal Zone and, therefore, selected this District. To avoid any possible later suggestion that a verdict was biased, plaintiff's selection of this district, in the absence of strong reasons to the contrary, should in the interests of justice be accepted.

Both counsel have accused opposing counsel of "forum shopping." Undoubtedly, where the law permits a plaintiff to optionally select from more than one district, plaintiff will select that district which he deems most advantageous to himself, either by reason of convenience or, more frequently, because he antici-

pates a better prospect of a favorable or larger verdict. The law permits and encourages, by reason of the option, this type of "forum shopping" (if such expression is appropriate). Similarly, if defendant can show that the ends of justice would best be served by trial in some district other than that in which it was instituted, and action in such other district is otherwise permissible, the defendant is also permitted such limited "forum shopping." The selection by either of opposing counsel and the application for transfer is seldom, if ever, premised on purely altruistic motives of judicial efficiency.

The denial of the motion for transfer will be made contingent upon plaintiff making available for trial in this district, at his expense, any fact witnesses to the happening of the accident or any witness having any knowledge of the nature and extent of plaintiff's alleged injuries which witnesses defendant bona fide intends to call to testify on defendant's behalf. The plaintiff will also be required to pay the defendant's reasonable costs in deposing these witnesses.