**ATLAS FINANCIAL CORPORATION**

*v.*

**TRANSAMERICA INSURANCE COMPANY.**

Civ. A. No. 71–1285.

United States District Court, E. D. Pennsylvania.

March 10, 1972.

Perry S. Bechtle, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for plaintiff.

Martin A. Heckscher, Duane, Morris & Heckscher, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

The defendant has moved to transfer this action pursuant to 28 U.S.C. § 1404(a) from the Eastern District of Pennsylvania to the Eastern District of Missouri.[1] This motion is denied.

This action was brought on bonds issued by the defendant insurance company which indemnified plaintiff against loss sustained through any dishonest, fraudulent or criminal act of any of its employees. The plaintiff alleges that a former employee of a wholly owned subsidiary committed or caused the commission of defalcations or other dishonest acts which resulted in a loss to the plaintiff in the amount of $34,805.32. The plaintiff has submitted a claim under the said bonds which the defendant has refused to pay.

In the motion for transfer, the defendant has filed an affidavit setting forth the following:

1. The employee charged with dishonesty lives in St. Louis, Missouri, as do most of its material witnesses.

2. The former employee charged with the commission of dishonest acts denies any wrongdoing or committing any acts alleged in plaintiff's complaint.

3. The relevant documents are located in East St. Louis, Illinois.

4. The acts of dishonesty, if any, occurred in Missouri and Illinois.

---

1. For purposes of this motion we shall assume that the Eastern District of Missouri is a district in which the action might have been brought.

The alleged defalcations or dishonest acts relate to an agreement of June 15, 1965 in which plaintiff's subsidiary, Atlas of Illinois, Inc., extended Alamo Credit Corporation, an Illinois Corporation with offices in East St. Louis, Illinois, a $500,000 Line of Credit. Under the terms of the loan agreement, certain of Alamo Credit Corporation's assets, such as notes, mortgages, security deeds, deeds of trust and other types of secured time payment papers were assigned to Atlas. The alleged dishonesty relates to the above described documents. The Agreement provides that it is to be construed in accordance with the laws of the Commonwealth of Pennsylvania.

Plaintiff has filed counter-affidavits in which they have set forth the following:

1. The insurance contracts which have been sued upon were executed in Pennsylvania and all premiums required to be paid thereunder have been paid to the defendant's agent in Pennsylvania.

2. The defendant is registered to do business in Pennsylvania.

3. The witnesses who uncovered the loss and investigated the fraudulent scheme are located in or near Philadelphia.

4. The witnesses who will testify to and explain the business background of the loan and relationship between the plaintiff's wholly owned subsidiary and Alamo Credit Corporation reside in the Commonwealth of Pennsylvania, as do the witnesses who will testify concerning the employment records of the former employee allegedly involved in the defalcations.

5. The originals or copies of all the documents relevant to the alleged fraudulent scheme are maintained at the offices of plaintiff in Montgomeryville, Pennsylvania.

Section 1404(a) of Title 28, United States Code, provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

It is clear that the moving party under Section 1404(a) has the burden of proving that the convenience to the parties and witnesses and the interest of justice require the transfer. Alleyne v. Nippon Yusen Kaisha, 328 F.Supp. 30 (E.D.Pa. 1971); De Moraes v. American Export Isbrandtsen Lines, Inc., 289 F.Supp. 861 (E.D.Pa.1968). The movant must sustain his burden by a "preponderance of the facts". Biedrzycki v. Alcoa Steamship Co., 191 F.Supp. 895 (E.D.Pa. 1961). In addition, where, as here, the plaintiff has chosen the forum and the defendant seeks to transfer, the plaintiff's choice of forum is entitled to considerable weight. Clendenin v. United Fruit Co., 214 F.Supp. 137 (E.D.Pa. 1963); McMahon v. General Motors Corp., 308 F.Supp. 302 (E.D.Pa.1969). A showing of inconvenience to the defendant is not enough for the granting of § 1404(a) relief, where the transfer would merely shift the inconvenience to the other party. City of Philadelphia, Pa. v. General Motors Corp., 324 F. Supp. 181 (E.D.Pa.1971.)

The affidavit of the defendant mentions the names of three potential witnesses, one of them being the former employee of the plaintiff allegedly involved in the defalcations. The other two potential witnesses are listed, and one identified as President of Alamo Credit Corporation. In addition, defendant claims as potential witnesses several obligors on the notes and other papers whose payments were allegedly misapplied. These witnesses reside or can be located in the Eastern District of Missouri. Defendant contends that, because of the nature of the case, it cannot be doubted that witnesses will be less than willing to come to Philadelphia to testify or be deposed.

The affidavit of plaintiff sets forth the names and addresses of six individuals who live in or near Philadelphia, which the plaintiff expects to call as witnesses. Plaintiff contends that these witnesses will establish the following:

1. Losses incurred.

2. The pattern of conduct of plaintiff's former employee involved in the loss.

3. The identity of the various documents which were utilized in furtherance of the fraudulent scheme.

4. The business background of the loan agreement dated June 15, 1965.

5. Preparation and submission of the claim to the defendant under the bonds sued upon.

6. The date and place of execution of the insurance bonds in question, the receipt and payment of premiums therefore and the compliance of all conditions precedent to the filing of the claims under said bonds.

We are mindful of the need for the availability of process to compel the attendance of unwilling witnesses.

This type of case presents persuasive and appealing arguments on both sides. See, National Steel Corp. v. Maryland Casualty Co., 18 F.R.D. 166 (W.D.Pa.1955); Allied Petro-Products, Inc. v. Maryland Casualty Co., 201 F. Supp. 694 (E.D.Pa.1961). However, unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail. Shutte v. Armco Steel Corporation, 431 F.2d 22 (3d Cir. 1970), cert. denied, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). Under the present circumstances we do not feel that the defendant has sustained its burden of proving that the convenience of the parties and witnesses and the interest of justice require the transfer.