Edward **THOMAS** et al.

v.

**UNITED STATES LINES, INC.**
**Civ. A. Nos. 73–1420 to 73–1438.**

United States District Court,
E. D. Pennsylvania.
Feb. 11, 1974.

Avram G. Adler, Philadelphia, Pa., for plaintiffs.

Thomas L. Anderson, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is defendant's motion to transfer this action, pursuant to 28 U.S.C. § 1404(a), from the Eastern District of Pennsylvania to the Southern District of New York. For reasons hereinafter enumerated, the motion will be granted.

Plaintiffs are nineteen crew members who served aboard the S.S. AMERICAN AQUARIUS, a vessel owned and operated by defendant. On April 20, 1973, the S.S. AMERICAN AQUARIUS and the S.S. ATLANTIC HOPE, a vessel owned by Pacific Bulk Carriers, Inc., collided near the port of Kobe, Japan. The injuries allegedly sustained by all of the plaintiffs are said to have occurred as a result of the aforesaid collision. United States Lines, Inc., relies on the following relevant facts in support of its motion to transfer:

(1) Although plaintiffs are citizens and residents of various states, eight of

the nineteen plaintiffs reside in or near New York City, New York.

(2) Defendant is a corporation which has its principal place of business in New York City, New York.

(3) All of the plaintiffs signed aboard the vessel at New York City on or about March 11, 1973. During the course of the voyage in question, the vessel at no time entered the port of Philadelphia.

(4) Several of the named plaintiffs have received medical attention at facilities located in New York City.

(5) On July 20, 1973, Pacific Bulk Carriers, Inc., as owners of the S.S. ATLANTIC HOPE, filed a complaint in the United States District Court for the Southern District of New York claiming exoneration or limitation of liability, and on July 20, 1973, the Honorable Morris E. Lasker of that Court entered an Order admonishing all persons who would assert claims with respect to the collision to file their respective claims with the Clerk of the United States District Court for the Southern District of New York, and restraining, staying and enjoining prosecution of any action or suit against the owners of the S.S. ATLANTIC HOPE except in the action pending in the Southern District of New York.

(6) In this suit, the respective plaintiffs are contending that they sustained various personal injuries as the alleged result of negligence of United States Lines, Inc., and unseaworthiness of the S.S. AMERICAN AQUARIUS, which allegedly caused the collision at Kobe, Japan.

(7) One of the primary defenses of United States Lines, Inc., in connection with these suits is that the accident was not caused by negligence of the United States Lines, Inc., or by any unseaworthiness of its vessel but, on the contrary, was caused by the sole negligence of the owners of the S.S. ATLANTIC HOPE. In these circumstances, United States Lines, Inc., would ordinarily proceed to join the owners of the S.S. AT-

LANTIC HOPE as third-party defendant in these actions seeking to have them found solely reliable for the incident, or at least liable over to the defendant in indemnity or contribution.

(8) In view of the Order of Judge Lasker, which enjoins any proceedings against the owners of the S.S. ATLANTIC HOPE outside the United States District Court for the Southern District of New York, the defendant cannot join them as parties to the actions pending in Philadelphia, Pennsylvania.

(9) The limitation proceeding in the Southern District of New York will result in a trial between the owners of both vessels to determine the responsibility for the collision as between the two vessels involved. This cannot be done in the pending actions in Philadelphia, Pennsylvania, because the owners of one of the vessels cannot be joined here as a party.

(10) Defendant is a party in the proceedings pending in the Southern District of New York, and it would be most inconvenient and unnecessarily expensive for it to litigate the cause of the collision in two jurisdictions.

Section 1404(a) of Title 28 U.S.C. provides:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

A motion to transfer an action to a more convenient forum is addressed to the sound discretion of the trial judge. Country Maid, Inc. v. Haseotes, 312 F.Supp. 1116 (E.D.Pa.1970); Materials Technology, Inc. v. Circuit Foil Corporation, 49 F.R.D. 79 (E.D.Pa. 1970). In exercising this discretion, the Court must be guided by the principle that the plaintiff's choice of forum is entitled to considerable weight and that the party seeking to transfer the suit has the burden of establishing that the forum is inconvenient and that the administration of justice requires the

transfer. Alleyne v. Nippon Yusen Kaisha, 328 F.Supp. 30 (E.D.Pa.1971); Fitzgerald v. Central Gulf Steamship Corporation, 292 F.Supp. 847 (E.D.Pa. 1968).

The fact that eight of the nineteen plaintiffs reside in New York City is of limited importance here. The distance between Philadelphia and New York City is not so great so as to cause the eight plaintiffs any serious inconvenience in trying the case in Philadelphia. The plaintiffs chose as their forum the Eastern District of Pennsylvania. The defendants cannot now be heard to complain of the inconvenience to the plaintiffs. De Moraes v. American Export Isbrandtsen Lines, Inc., 289 F. Supp. 861 (E.D.Pa.1968). Moreover, five plaintiffs presently reside in Philadelphia, Pennsylvania. The fact that the plaintiffs are seamen further dilutes the importance of their respective citizenship. By the nature of their employment, seamen are often unavailable as witnesses and their testimony must then be submitted in deposition form. Clendenin v. United Fruit Co., 214 F.Supp. 137 (E.D.Pa.1963).

The fact that defendant's principal place of business is in New York City is not a controlling factor but does weigh in favor of transfer. Access to corporate business records, information and documentation relative to the claims in dispute, and the availability of defendant's witnesses must be considered in determining the question of the convenience of parties and witnesses.

In support of the motion to transfer these actions, defendant also relies on the fact that several of the plaintiffs received medical attention in New York City and that the records of such examination and treatment are located in New York City. The treatment received in New York was provided through the United States Public Health Service, whose records are generally presented through deposition. Alleyne v. Nippon Yusen Kaisha, *supra*, 328 F.Supp. at p. 32.

The above three factors, considered in and of themselves, do not present the strong balance of inconvenience on the part of defendant sufficient to justify a change of venue. However, the critical determining factor which mandates the transfer of this action is the filing of the complaint by Pacific Bulk Carriers, Inc., in the Southern District of New York claiming exoneration from or limitation of liability for any loss, damage or injury arising out of the collision between the defendant's vessel, the S.S. AMERICAN AQUARIUS, and the S.S. ATLANTIC HOPE, the vessel owned and operated by Pacific Bulk Carriers, Inc.

In the instant suits, the plaintiffs contend that they were injured as the result of the collision of the S.S. ATLANTIC HOPE with the S.S. AMERICAN AQUARIUS. Plaintiffs claims are based on negligence and the doctrine of unseaworthiness. The resolution of the issue of defendant's liability to the plaintiffs will, therefore, depend upon the resolution of the ultimate responsibility for the collision as between the S. S. ATLANTIC HOPE and the S.S. AMERICAN AQUARIUS, which will be resolved in the limitation proceedings pending in the United States District Court for the Southern District of New York. In view of the fact that prosecution of any action outside the Southern District of New York against the owners of the S.S. ATLANTIC HOPE has been enjoined, defendant cannot join the owners of the S.S. ATLANTIC HOPE in the actions pending here and, accordingly, the issue of the ultimate responsibility for the collision cannot be fully resolved in the actions pending in the Eastern District of Pennsylvania.

In addition, since United States Lines, Inc., is a party to the proceedings pending in the Southern District of New York, and since the responsibility for the collision will be determined in those proceedings, it would be inconvenient and unnecessarily expensive for defendant to be compelled to litigate the very same issues (possibly simultaneous-

ly) in this jurisdiction, especially in the absence of an essential party, the owner of the other vessel.

In the interest of fairness and the effective administration of justice, defendant should not be required to litigate substantially the same issues in two different District Courts. The ultimate responsibility for the collisions should be resolved completely and finally in the Southern District of New York where all essential parties can be joined and can fully participate in the litigation without unnecessary expense and inconvenience.