**David PESIN, Plaintiff,**

v.

**GOLDMAN, SACHS & CO.,
Defendant.**

**No. 71 Civ. 1750.**

United States District Court,
S. D. New York.

June 10, 1975.

Graubard, Moskovitz, McGoldrick Dannett & Horowitz, New York City, for plaintiff; Everett A. Eisenberg, Noah Scooler, Martin S. Siegel, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendant; William Piel, Jr., Michael M. Maney, Philip L. Graham, Jr., New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

Defendant Goldman, Sachs & Co. ("Goldman, Sachs") moves for an order pursuant to 28 U.S.C. § 1404(a) transferring this action to the United States District Court for the Eastern District of Pennsylvania, or, in the alternative, "for a stay of proceedings in this matter until final disposition of a related action, pending in the Eastern District of Pennsylvania."

Plaintiff David Pesin, a citizen of Pennsylvania, residing in Philadelphia, commenced this action ("Pesin I") on April 20, 1971, alleging violations of the federal securities laws in connection with the purchase of a $300,000 face amount commercial paper note of the Penn Central Transportation Company ("Penn Central"). Pesin I and a number of related cases brought by other plaintiffs against Goldman, Sachs were consolidated by the Judicial Panel on Multidistrict Litigation for coordinated pretrial proceedings in the Southern District of New York before Chief Judge Edelstein. Coordinated pretrial proceedings were completed in November 1973, and on December 13, 1973 the Panel issued a conditional order remanding Pesin I to Judge Tyler, to whom it had originally been assigned. Pesin I was subsequently transferred to my calendar under the Southern District's old cases program.

In August 1974, plaintiff commenced a second action ("Pesin II") in the Eastern District of Pennsylvania against The Fidelity Bank ("Fidelity"), alleging, *inter alia*, violations of the federal securities laws in connection with the same purchase of a $300,000 face amount Penn Central commercial paper note that forms the basis of Pesin I. Counsel for Goldman, Sachs assert that they did not learn of the existence of Pesin II until at least January 1975. On May 12, 1975, Goldman, Sachs was served with a summons and third-party complaint in Pesin II.

Section 1404(a) of Title 28 of the United States Code provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

There appears to be no dispute that Pesin I "might have been brought" in the Eastern District of Pennsylvania since Goldman, Sachs is registered as a broker-dealer in the Commonwealth of Pennsylvania. Moreover, the argument of Goldman, Sachs that a transfer would be in the interest of justice and of judicial efficiency is compelling.

Litigation of related claims in the same forum is strongly favored in order to avoid duplicitous litigation, with associated waste of the time and money of the Court, the parties and the witnesses, and to avoid inconsistent results. American Home Assurance Co. v. Insular Underwriters Corp., 327 F.Supp.

717 (S.D.N.Y.1971); Maxlow v. Leighton, 325 F.Supp. 913 (E.D.Pa.1971); Schneider v. Sears, 265 F.Supp. 257 (S.D.N.Y.1967). In Maxlow v. Leighton, *supra,* at 916–917, the Court held that where there are pending in separate districts two actions arising out of the same incident, involving the same plaintiff but different defendants, "transfer to the forum wherein the suits might be consolidated for trial is in the interests of justice, serves the convenience of parties and witnesses, and may be ordered under § 1404(a)." *See also* Pierce v. Rederi A/B Transatlantic, 191 F.Supp. 220 (S.D.N.Y.1960). Transfer of Pesin II to this district for consolidation with Pesin I is precluded by the venue provisions of 12 U.S.C. § 94. *See* Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L. Ed.2d 1254 (1960). However, all of the interested parties are by reason of the third-party complaint already present in Pesin II. Moreover, in view of the third-party complaint in Pesin II, Goldman, Sachs faces the prospect of significant prejudice if it must first go to trial in Pesin I, because should Goldman, Sachs prevail in Pesin I, it would be required to repeat its defense in Pesin II against the third-party claim of Fidelity. Finally, although perhaps not by itself sufficient to justify a transfer, it appears that the geographic location of the Eastern District of Pennsylvania is equally well if not better suited for the convenience of the witnesses.

■ In opposition to the transfer motion, plaintiff presses the following factors: right to choose his forum, delay of trial, additional expense, and delay in the making of the motion to transfer. Although a plaintiff's choice of forum is entitled to substantial weight, that weight may be diminished where, as here, suit is brought outside plaintiff's home forum. *See* Ross v. Tioga General Hospital, 293 F.Supp. 209 (S.D.N.Y.1968); Rodgers v. Northwest Airlines, Inc., 202 F.Supp. 309 (S.D.N.Y.1962). Moreover, plaintiff has himself brought on the problem here presented by commencing two actions in two separate forums. In arguing that transfer of Pesin I will result in delay of trial, plaintiff points out that Pesin I is subject to this district's "crash program." However, this Court's trial calendar for the "crash program" has already been filled, and there is no assurance that plaintiff could obtain an earlier trial here than in the Eastern District of Pennsylvania. Undoubtedly, preparation for trial in the Eastern District of Pennsylvania will be significantly expedited by the substantial coordinated pretrial discovery which has already taken place.

Plaintiff's contention that additional delay and expense will be occasioned by the "dilemma of either having his New York counsel travel to, and stay in, Philadelphia to try the case or having his Philadelphia counsel become fully educated and prepared for trial," is not of great moment. Plaintiff is already represented in Pesin II by experienced Philadelphia counsel, familiar with Penn Central matters. Indeed, plaintiff stands to realize a saving of litigation expenses by going to trial only one time instead of twice.

■ Finally, this Court recognizes that delay in making a motion to transfer is a factor to be taken into account. *See* Roller Bearing Co. v. Bearings, Inc., 260 F.Supp. 639 (E.D.Pa.1966); Nagle v. Pennsylvania R. Co., 89 F.Supp. 822 (N.D.Ohio 1950). However, although this action was commenced in 1971, Goldman, Sachs did not find out about Pesin II until January 1975 and a third-party complaint in that action was not served upon Goldman, Sachs until May 12, 1975. Therefore, delay, if any, in making the motion to transfer has not been undue.

Having weighed the relevant factors, the Court finds that Goldman, Sachs has discharged its burden of showing that a transfer of Pesin I to the Eastern District of Pennsylvania is in the interest of justice and for the convenience of the parties and witnesses. Accordingly, the

motion to transfer is granted. In view of this disposition, the Court need not reach the motion for a stay. The order to be settled on this memorandum will provide that Goldman, Sachs will produce J. Jerold Trippi at trial in the Eastern District of Pennsylvania if requested by plaintiff.

Settle order on notice.