**CITY OF PHILADELPHIA**

v.

**EMHART CORPORATION et al.**

**AMHERST LEASING CORPORATION et al.**

v.

**EMHART CORPORATION et al.**

**Civ. A. Nos. 70–352, 70–494.**

United States District Court,
E. D. Pennsylvania.

Aug. 18, 1970.

David Berger, Herbert B. Newberg, H. Laddie Montague, Jr., Philadelphia, Pa., for plaintiffs.

Henry T. Reath, Duane, Morris & Heckscher, Philadelphia, Pa., for Emhart Corp.

Edwin P. Rome, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for Sargent & Co.

Miles W. Kirkpatrick, Morgan, Lewis & Bockius, Philadelphia, Pa., for Eaton Yale & Towne, Inc.

Richard G. Schneider, Dechert, Price & Rhoads, Philadelphia, Pa., for Ilco Corp.

## OPINION II AND ORDER

WOOD, District Judge.

This is a motion by the four named defendants to transfer both captioned cases to the District of Connecticut pursuant to 28 U.S.C. § 1404(a). The defendants are manufacturers of so-called Master Key Systems which are lock and key systems designed specifically for a particular complex of buildings, and include keys which open only a single lock in the system, and master keys, which will open all or a group of locks within the system. The plaintiffs in both suits seek treble damages for alleged horizontal and vertical conspiracies by and among the defendants in violation of Section 1 of the Sherman Act.[1] The plaintiff City of Philadelphia sues on behalf of itself and "all state, county, and local governmental authorities and agencies in the United States who have purchased locks with Master Key Systems from one or more of the defendants * * *", while plaintiff Amherst Leasing Corporation sues on behalf of itself and a class consisting of "owners and builder-owners of apartments, hotels, motels and office buildings throughout the United States who have purchased locks of Master Key Systems manufactured by one or more of the defendants." On June 23, 1970, we entered a conditional and tentative order that this case may be maintained as a class action, but fully reserved all of our powers pursuant to Rule 23(c) (1) to alter our order or to deny class action treatment at any time. 50 F.R.D. 232.

In support of their motion, which is accompanied by appropriate affidavits executed by officers of each of the four defendants, the defendants contend that the District of Connecticut is a more convenient and fair forum for the hearing of this case because: Two of the defendants, Sargent and Emhart, have their principal place of business in Connecticut, and the other two, Ilco, whose principal place of business is in Fitchburg, Massachusetts, and Eaton Yale and Towne, Inc., whose principal place of business is Rye, New York, are located very near Connecticut and could be served there; the District of Connecticut was the situs of four separate civil actions instituted by the Justice Department, and separate consent judgments were entered with respect to three defendants (all except Eaton Yale and Towne) with the approval of Judge Blumenfeld of the District of Connecticut; that the four defendants are now subject, in addition to the instant suit, to two class actions commenced in the Northern District of Illinois, and one brought in the Southern District of New York; "Most, if not all, of the witnesses of defendants, and all of defendants' records and materials, are located in or much closer to the District of Connecticut than to the Eastern District of Pennsylvania" so that "significant savings in economy (such as counsel fees, travel, duplicating expenses) would be made if this case were transferred to the District of Connecticut";[2] and the docket load in the District of Connecticut is only about one-half of that in the Eastern District of Pennsylvania.

---

1. The allegations and history of the case are considered in somewhat greater detail in our Opinion and Order filed June 23, 1970, 50 F.R.D. 232.

2. Document 43, paragraph 10.

■ Also in support of their motion, the defendants urge that since as a matter of judicial economy, the class actions commenced in Illinois, New York and Philadelphia could be most efficiently litigated in one forum by one judge in charge of all cases, all of the aforementioned cases should be transferred to Connecticut. Moreover, it is contended that the limited transfer for pre-trial matters provided for pursuant to 28 U.S.C. § 1407 will not fully achieve the desired economy because the defendants will still be subject to the inconvenience of transporting witnesses and documents to many locations for separate trials. The defendants further state that it was for these reasons that they joined the other parties in the cases against them in urging the Judicial Panel on Multidistrict Litigation not to order transfer pursuant to § 1407(a) without prejudice to later consideration, and that they have now filed motions in all the suits against them to transfer to the District of Connecticut pursuant to § 1404(a).

Section 1404(a) provided that:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

It is well settled that great weight is to be accorded to plaintiff's choice of forum and that, in order to effect a transfer under § 1404(a), the moving party has a heavy burden of showing a strong burden of inconvenience. International Maritime Supplies Co., Ltd. v. General Host Corporation (E.D.Pa., October 16, 1969, Civil Action No. 69–1476), Bayly Manufacturing Co. v. Koracorp Industries, Inc., 298 F.Supp. 600, 603–604 (D.Colo.1969). We have concluded that the defendants here have failed to meet their burden. First, focusing solely on the convenience of the defendants, and accepting the fact that their principal places of business are in New York, Connecticut, and Massachusetts, we are nevertheless mindful that Philadelphia is not so great a distance to travel from these corporate headquarters so as to create any significant additional burden in terms of transportation of corporate officials and records by requiring them to come to Philadelphia as opposed to the District Court of Connecticut. Second, any burden occasioned by the transportation of corporate officials and records to Philadelphia may be mitigated if the pre-trial proceedings in these cases should be transferred to a district more proximate to the headquarters of the corporate defendants. Third, the defendants do transact business in the Eastern District of Pennsylvania. Fourth, focusing on the convenience of the plaintiff, it is apparent that if plaintiff's class is limited to a geographic area, or if at some later time we should deny class action treatment altogether, that the plaintiffs will have a great interest, particularly with regard to the presence of witnesses and documents in proving their damages, in having their case heard in the Eastern District of Pennsylvania. Fifth, counsel for the plaintiffs represented at argument that the plaintiffs intend to prove acts and exchanges in furtherance of the alleged conspiracy which occurred in the vicinity of Philadelphia in the Eastern District of Pennsylvania. And sixth, although the Government's civil enforcement suits were brought in the District Court of Connecticut, there are no class actions similar to the instant one pending there, so that if we were to grant transfer, the progress of the case would be delayed until that court became familiar with the case. In sum, we think that, taking into account the convenience of all the parties, that there is no compelling reason to transfer this case to Connecticut.

■ Finally, with respect to the defendant's contention that it would be economical in terms of judicial administration and convenient in terms of their own interests if the entire litigation involving these alleged violations

could be heard in one forum, we note that there may well be instances where the fairest and most efficient means of adjudicating a large number of class actions involving the same subject matter would be to transfer the entire litigation, including trial, to a single forum. However, Congress, in enacting § 1407, presumably mindful of the deference traditionally accorded to the plaintiff's choice of forum, limited the power of the Multidistrict Panel to the transfer of pre-trial proceedings. Thus, in cases of the type before us where a number of similar suits involving a similar claim have been filed in several different districts, there is no inter-district body such as the Multidistrict Panel which is able to summon all parties concerned, weigh the interests and convenience of all parties, and, in a proper case, transfer all actions to one forum. We have no such powers and we therefore have no means of ascertaining which forum, taking into account the interests and convenience of all parties in all suits, is the most convenient one in which to focus litigation of all suits. Moreover, we have no part in the decision of another court, in another district, which may in the future examine the circumstances of a separate action against these defendants; nor, since this is the motion of the defendants to transfer to the location which is obviously most favorable for them, do we have before us the facts in other cases brought by other plaintiffs in other districts so that we might consider which district, taking into account the interest and convenience of *all* parties, is the most desirable one in which to center this litigation.[3] Our decision on the instant motion is therefore made on the basis of the cir-

cumstances of the two cases now before us.

### ORDER

And now, this 18th day of August, 1970, it is ordered that the motion of all defendants pursuant to 28 U.S.C. § 1404(a) for transfer of the case to the United States District Court for the District of Connecticut is denied.

---

3. It is of course conceivable that, if courts in districts A and B thought that under the circumstances in the cases before them, transfer to district X was proper pursuant to § 1404(a), that a court in district C might consider as one relevant factor in its decision on a § 1404(a) motion *to transfer to district* X *in a case* before it, the fact that a number of suits were concentrated in district X. Here, however, this possibility does not arise since not even one class action against the defendants is pending in the District of Connecticut, and we have two such suits pending in our court.