CITY OF PHILADELPHIA, PENNSYLVANIA, City of Cleveland, Ohio, City of Buffalo, New York, County of Erie, New York, Allegheny County, Pennsylvania, Luzerne County, Pennsylvania, City of Scranton, Pennsylvania and Lackawanna County, Pennsylvania, Plaintiffs,

Commonwealth of Pennsylvania, Intervenor Plaintiff,

v.

GENERAL MOTORS CORPORATION, Ford Motor Company

and

Chrysler Corporation, Defendants.

Civ. A. No. 70-2753.

United States District Court, E. D. Pennsylvania.

March 18, 1971.

David Berger, Philadelphia, Pa., for plaintiff.

Robert W. Sayre, Philadelphia, Pa., for General Motor Corp.

H. Francis DeLone and Henry Kolowrat, Philadelphia, Pa., for Ford Motor Co.

Robert S. Ryan, Philadelphia, Pa., for Chrysler Corp.

## OPINION AND ORDER

JOHN MORGAN DAVIS, District Judge.

This is a motion by the three defendants to transfer the case to the United States District Court for the Eastern District of Michigan pursuant to 28 U. S.C. § 1404(a). Briefly stated the Complaint in this case alleges that in April of 1970, in violation of the Sherman Act, the defendants contemporaneously and collusively stopped granting the discounts which in past years they had allowed on sales of motor vehicles to states and other governmental entities.

28 U.S.C. § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

It is well settled that in applying this provision great weight is to be given plaintiff's choice of forum and that the defendant has a heavy burden of showing a strong balance of inconvenience. Clendenin v. United Fruit Co., 214 F.Supp. 137 (E.D.Pa.1963).

To meet this burden defendants rely essentially on two factors: (1) the location of their executives who might be witnesses, and (2) the location of their records. Even if the Court assumes that (1) the executives in Detroit will be called as witnesses, (2) the records in Detroit will be relevant and, (3) all records and witnesses involved are in Detroit, this still does not mean that defendants have met their burden. As the Court said in Scaramuzzo v. American Flyers Airline Corp., 260 F. Supp. 746, 748 (E.D.N.Y.1966) "A showing of inconvenience to the defendant is not enough for the granting of § 1404(a) relief, where the transfer would merely shift the inconvenience to the other party." In the case at bar the lead plaintiff, the City of Philadelphia and the intervenor plaintiff, the Commonwealth of Pennsylvania are in the Eastern District of Pennsylvania and they and the other plaintiffs have absolutely no connection with the Eastern District of Michigan. The defendants, on the other hand have substantial and significant contacts in this district. Chrysler, for example, has a Regional

Office for fleet sales in Bala Cynwyd, Pa. and General Motors maintains its zone office for the Chevrolet Division at King of Prussia, Pa. (the Chevrolet Division accounts for over 80% of fleet sales). Ford's regional fleet sales office is just across the Delaware River in Pennsauken, New Jersey.

This Court must therefore conclude that the defendants have not met their burden of showing a strong balance of inconvenience in their favor. On the contrary, it appears to the Court that to transfer the case to Michigan would result in substantial inconvenience to the plaintiffs. Accordingly, defendants' motion to transfer must be denied.