Arthur B. HARRIS et al., Plaintiffs,

v.

AMERICAN INVESTMENT COMPANY
et al., Defendants.

Civ. A. No. 71–859.

United States District Court,
E. D. Pennsylvania.

Oct. 20, 1971.

Jacob J. Siegal, Meltzer & Schiffrin, Philadelphia, Pa., for plaintiffs.

Marvin Comisky, Blank, Rome, Klaus & Comisky, Daniel J. McCauley, Jr., Alan J. Davis, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

VANARTSDALEN, District Judge.

The defendants have moved to transfer this action pursuant to 28 U.S.C.A. § 1404(a) (1962) from the Eastern District of Pennsylvania to the Eastern Division of the Eastern District of Missouri. This motion is granted.

The plaintiffs brought suit on their own behalf, derivatively and as representatives of the class of all present and former common stockholders of American Investment Company (AIC) similar-

ly situated. The allegations are briefly that this court has jurisdiction under Section 22 of the Securities Act of 1933, 15 U.S.C.A. § 77v (1971), under Section 27 of the Securities and Exchange Act of 1934, 15 U.S.C.A. § 78aa (1971), and because of diversity of citizenship. The substance of the allegations is founded upon the Acts of 1933 and 1934 and the regulations. The plaintiffs contend that they purchased the stock of AIC in the open market and either retained or sold that stock incurring losses because of misrepresentations by the defendant, AIC, and/or because AIC artificially inflated prices, and/or because of AIC's failure to disclose material information. The individual defendants are sued because of their alleged concealment of merger or acquisition opportunities, misconduct, negligence and malfeasance as directors or officers of AIC.

The following are pertinent facts on the question of the most convenient jurisdiction for trying this suit:

(1) Two of the three named plaintiffs reside in and are domiciled in Pennsylvania. The other named plaintiff, Arthur B. Harris, is a citizen of Pennsylvania but temporarily resides in Colorado.

(2) AIC is a corporation organized and existing under the laws of the State of Delaware with its principal office in St. Louis, Missouri.

(3) Of the fifteen named defendants, twelve of them live in Missouri (of whom eleven live in St. Louis), two live in Illinois and one is deceased.

(4) All the relevant documents in this suit are corporate records presently located at AIC's principal place of business in St. Louis, Missouri.

(5) AIC is a corporation whose common stock is held nationwide; however, the greatest concentration of stockholders is centralized around St. Louis, Missouri. The states with the largest numbers of stockholders are: Missouri with 3,207 stockholders; Illinois with 1,591 stockholders; California with 1,028 stockholders; and New York with 1,729 stockholders. Pennsylvania has only 412 stockholders.

It is clear that the moving party under Section 1404(a) has the burden of proving that the convenience to the parties and witnesses and the interests of justice require the transfer. Generally, where the defendant has moved for the change of venue, the plaintiff's choice is entitled to considerable weight. Alleyne v. Nippon Yusen Kaisha, 328 F.Supp. 30 (E.D.Pa.1971); Clendenin v. United Fruit Co., 214 F. Supp. 137 (E.D.Pa.1963). However, in this case, while the three named plaintiffs are citizens of Pennsylvania, they sue derivatively and seek a class action status. Cases with facts much like the instant case have been transferred from the plaintiffs' chosen forum to the corporation's principal place of business. In Fogel v. Wolfgang, 48 F.R.D. 286, 290 (S.D.N.Y.1969), the court granted the transfer quoting the Supreme Court:

"* * * where there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened." Id. at 290, quoting Koster v. Lumbermen's Mut. Casualty Co., 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947).

While the *Koster* case dealt with a derivative action, its language has also been applied to class actions. *Fogel*, 48 F.R.D. at 290, citing Schneider v. Sears, 265 F.Supp. 257, 266 (S.D.N.Y.1967). Therefore, in the instant case the plaintiffs' choice of forum would be of little significance if a derivative suit or a class action under Rule 23 of Federal Rules of Civil Procedure is appropriate. In addition, Missouri would be a more convenient forum than Pennsylvania because the other stockholders as members of the class have an interest in this ac-

tion and a right to join in it. Missouri is more centralized for the stockholders nationwide and is also where the greatest number of stockholders reside.

While there may be considerable expense imposed upon the plaintiffs who have brought this action to litigate it in Missouri, that expense is outweighed by the expense which would accrue to the other stockholders in the corporation who, if they join in the action, would have to litigate in Pennsylvania. In addition there would be substantial, additional, needless expense and inconvenience to the corporation causing a financial detriment to all shareholders irrespective of the merits or outcome of the case. Transporting records and sending officers and directors to Pennsylvania would be costly to the corporation and, therefore, detrimental to stockholders' interests generally. In addition, the corporation's normal course of business would undoubtedly be, at least to some extent, disrupted by the departure of its managing personnel and records.

■ The Security Exchange Act of 1934 has a general provision concerning venue, Section 27, 15 U.S.C.A. § 78aa (1971), which provides in part that

"[a]ny suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found."

This provision does not prohibit the transferring of a suit derivative in nature or a class action to another jurisdiction which is clearly a more convenient jurisdiction for litigating the dispute. See Koster, supra; Fogel, supra.

This court is in accord with the distinction between class actions and derivative actions both of which directly involve the interests of other stockholders, and suits on behalf of plaintiffs as individuals. This distinction is fundamental to the defendants' motion for change of venue. I hold, therefore, that the defendants have met their burden of showing that the balance of convenience and interest of justice favors transferring this case to the Eastern Division of the Eastern District of Missouri.