Meyers L. **GIRSH** et al.

v.

**Robert S. JEPSON, Jr., et al.**

**Civ. A. No. 72–2035.**

United States District Court,
E. D. Pennsylvania.

March 19, 1973.

David Berger, Leonard Barrack, Philadelphia, Pa., for plaintiffs.

Paul J. Donnelly, Philadelphia, Pa., and Gary D. Stabile of Gibson, Dunn & Crutcher, Los Angeles, Cal., for defendants Fund Management Corp., Portfolio Management Corp., Merrill Bothamley, Robert S. Jepson, Jr., Gerald L. Salzman, Donald I. Reifler, Hubert I. Rosenblum, and Robert J. McGuinness.

Daniel Mungall, Jr., Philadelphia, Pa., for New American Fund, Inc., and William K. Gumpert, and Richard B. Leng.

John G. Harkins, Jr., Philadelphia, Pa., for Price Waterhouse & Co.

Stuart H. Savett, Philadelphia, Pa., for Donald I. Reifler.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, District Judge.

The Court is presented with a motion for change of venue under 28 U.S.C. § 1404(a) by eight of the named defendants in this case, Fund Management Corporation, Portfolio Management Corporation, Merrill Bothamley, Robert S. Jepson, Jr., Gerald L. Salzman, Donald I. Reifler, Hubert I. Rosenblum and Robert J. McGuinness. The above named defendants are joined in their motion by New America Fund, Price Waterhouse & Co., William K. Gumpert and Richard Leavitt. The defendants request that this action be transferred from the United States District Court for the Eastern District of Pennsylvania to the United States District Court for the Central District of California.

The plaintiffs in this case are stockholders in the defendant corporation, New America Fund, Inc. The plaintiffs bring this suit under Rule 23 of the Federal Rules of Civil Procedure as a class action as well as on behalf of themselves. The plaintiffs allege that the defendants violated Section 10(b) of the Securities and Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b–5—promulgated thereunder by the Securities and Exchange Commission by making material misrepresentation and omissions in the registration statement of New America Fund dated September 20, 1968 and in annual and quarterly reports of New America Fund for the years 1969 and 1970.

The plaintiffs allege that the defendants violated Section 34(b) of the Investment Company Act of 1940 [15 U.S.C. § 80a–33(b)] and of Section 36(a) of the Investment Company Act of 1940 [15 U.S.C. § 80a–35(a)], by engaging in acts and practices constituting breaches of fiduciary duty involving personal misconduct.

The plaintiffs also allege in a derivative suit that certain individual defendants entered into a joint venture to acquire shares of New America Fund for their personal gain and in violation of their fiduciary duty to New America Fund and its stockholders. There is a second derivative suit brought by two stockholders on behalf of New America Fund to terminate the joint venture discussed in the first derivative suit.

The defendants support their motion with a number of arguments. The most compelling are that eleven of the thirteen potential witnesses are living in California; one-quarter of the shareholders and shares are in California; the directors and other witnesses have their business in California and would be able to conduct their business without substantial interruption; all of the proof must come from the defendants' records and the expense involved in transferring the records would be of great financial detriment to the defendant. Also, the defendants contend that the situs of the alleged fraudulent activities occurred in the California area, and

that the period of time in which a civil trial will commence is considerably shorter in the Central District of California than in the Eastern District of Pennsylvania.

The plaintiffs in rebuttal state that the plaintiff has a right to his choice of forum and there is a heavy burden on the defendant to overcome the plaintiffs' choice when there is a request for venue transfer. The plaintiffs also argue that this burden has not been overcome. The action is a class action which becomes in essence a multistate action of national scope; and the plaintiffs have great latitude to choose their forum. Finally, the plaintiffs argue that one of the plaintiffs lives in the Eastern District and four others live in close proximity which adds to the considerable burden which the defendants must overcome to change their choice of forum. As well, the plaintiffs argue that although stockholders are found all over the United States, the majority of stockholders and the majority of shares are in closer proximity to the Eastern District of Pennsylvania than the Central District of California.

In determining whether a change of venue must be made, the Court must use its discretionary function most judiciously especially where the question is close as in the situation at bar. In weighing the evidence and oral testimony, the heavy burden on the defendant must be met with facts that are convincing and meritorious as well as of such significance as to overcome the plaintiff's choice of forum. The concrete facts as to the number of potential witnesses—ten to 13 and the fact that one-quarter of the shareholders and shares are in California—are not sufficient either individually or collectively to sustain the defendant's heavy burden. Possibly, if there were a hundred witnesses, there would be greater cause for a change of venue and undoubtedly this factor was a major consideration in Judge Higginbotham's Opinion in Polin v. Conductron Corporation, 340 F.Supp. 602 (E.D.Pa.1972).

The argument that the geographical distribution of the shareholders, who will not actively participate in the trial is a make weight argument by both sides. The plaintiffs say that the majority of shareholders are closer to the Eastern District than the Central District of California. Unfortunately, they do not give the court exact distances and mileage charts to support their claim. As well, the fact that 495 shareholders (approximately one-quarter of the shares) are in California is of little influence on the Court. The Court feels that the needs of the active participants in the litigation must be met first and will not consider make weight arguments.

In the City of Philadelphia, Pa. v. General Motors 324 F.Supp. 181 (E.D. Pa.1971), I stated:

> "It is well settled that in applying this provision great weight is to be given plaintiff's choice of forum and that the defendant has a heavy burden of showing a strong balance of inconvenience. Clendenin v. United Fruit Co., 214 F.Supp. 137 (E.D.Pa.1963)."

See also Bogosian v. Gulf Oil Corporation, 337 F.Supp. 1230 (E.D.Pa.1972); City of Philadelphia v. Emhart Corporation, 317 F.Supp. 1320 (E.D.Pa.1970).

Movants here have not met the heavy burden of overcoming the plaintiffs' choice of forum. This case is one of national scope being brought as a class action and, thus the action could be brought in any District in the United States where service could be made. If this Court were to transfer every class action, which has similar facts to the case at Bar, because of inconvenience to the defendants, the plaintiffs' right to choice of forum would virtually be eliminated and the defendant could turn the burden of inconvenience back to the plaintiff. This Court feels that the plaintiffs have chosen their forum and the fact that one of the plaintiffs lives in the District adds considerable burden to the defendants, which has not been overcome.

The disruption of the lives of the few potential witnesses would be about the same whether the trial was in Pennsylvania or California as any trial requires constant attention by the parties and witnesses. In fact the moving parties will be inconvenienced by attending the trial in the Eastern District and their burden would only be increased by transfer to California. Transportation of the records would be an inconvenience, and an expense but not of sufficient weight to overturn the plaintiffs' choice of forum. Saperstone v. Kapelow, 279 F.Supp. 781 (S.D.N.Y.1968); Bogosian v. Gulf Oil Corporation, supra.

The other arguments carry little weight with the Court especially the question of speed of trial. The Courts have said that this is never a factor to which great weight is assigned. Peyser v. General Motors Corporation, 158 F. Supp. 526, 530 (S.D.N.Y.1958); Bogosian v. Gulf Oil Corporation, supra.

Therefore, since the arguments of the defendants do not meet their heavy burden to overcome the plaintiffs' choice of forum, their motion will be Denied.