Mildred **GALFAND** et al.

v.

George A. **CHESTNUTT** et al.

Civ. A. No. 73–1516.

United States District Court, E. D. Pennsylvania.

Aug. 16, 1973.

Richard A. Ash, Philadelphia, Pa., for plaintiffs.

H. Laddie Montague, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

This matter is before the Court on the motion of the defendants to transfer the above-captioned case to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a). The complaint in this shareholder derivative action filed on July 6, 1973 alleges that the defendants, George Chestnutt and Chestnutt Corporation, the defendant Fund's investment advisor, have entered into a self-dealing investment advisory agreement which is unfair to the shareholders of the defendant Fund. The complaint also alleges that the proxy statements of the Fund requesting shareholder approval of the investment advisory agreement are false and misleading. On July 11, 1973 this Court held a hearing on the plaintiff's motion to enjoin the Fund's July 17, 1973 annual meeting and the defendants' motion to transfer this action to the United States District Court for the Southern District of New York. By Memorandum and Order of July 13, 1973, 363 F.Supp. 291 this Court denied plaintiff's motion to enjoin the Fund's annual meeting. We shall now determine the motion to transfer.

For the reasons hereinafter stated, we feel compelled to transfer this case to the United States District Court for the Southern District of New York. The motion to transfer is governed by 28 U.S.C. § 1404(a), which provides in pertinent part:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

It is not disputed that this action could have been brought in the Southern Dis-

trict of New York. See 15 U.S.C. §§ 78aa, 80a–43.

In determining whether this case should be transferred to the Southern District of New York, we note that the only connection which exists between any of the parties or the acts complained of and this District is that Richard A. Ash, Esq., the plaintiff's attorney, and Marvin F. Galfand, Esq., her son and business advisor, both maintain offices in this District. The affidavit submitted by the defendants indicates that all of the relevant transactions which are the basis for the complaint occurred in either New York or Greenwich, Connecticut. None of the defendants maintains an office in or resides in the Eastern District of Pennsylvania; they all reside, principally transact business, and maintain their principal places of business in New York and Greenwich, Connecticut. All of the witnesses who might be called upon to testify in this action, including the plaintiff, reside in either New Jersey, Connecticut or New York, and all the records of the Fund and the Chestnutt Corporation are located in Connecticut or New York. Consequently, it seems clear that the convenience of the witnesses and the convenience of the defendants are best served by transferring this case to the Southern District of New York, which is the focal point of all the transactions complained of by plaintiff and is the place where the plaintiff purchased her shares.

■ In deciding whether to transfer the instant case, we are not unmindful that normally the decision of the plaintiff in choosing a forum should be given substantial weight. City of Philadelphia v. Emhart Corp., 317 F.Supp. 1320 (E.D.Pa.1970); Clendenin v. United Fruit Co., 214 F.Supp. 137 (E.D.Pa. 1963). However, in a shareholder derivative action plaintiff's choice of forum is not afforded the same weight as in other actions. Harris v. American Investment Co., 333 F.Supp. 325 (E.D.Pa. 1971); Underberg v. Selected American Shares, Inc., CCH Fed. Securities Law Reporter, ¶93, 254 (S.D.N.Y.1971); Wibau v. American Hoist & Derrick Co., 293 F.Supp. 273, 275 (S.D.N.Y. 1968). In this case, the sole benefit to the plaintiff in having her suit in this district is that her son acts as her agent and business manager and that she is represented by Philadelphia counsel. The plaintiff herself is a resident of Atlantic City, New Jersey, which is almost equally convenient to both the United States District Court for the Southern District of New York and the United States District Court for the Eastern District of Pennsylvania. The convenience of counsel has never been a controlling factor on a motion to transfer, Triangle Industries, Inc. v. Kennecott Copper Corp., 325 F.Supp. 150 (E.D.Pa. 1971). Similarly, this court does not feel that the convenience of plaintiff's son (who, incidentally, deserves great credit for his interest in his mother's affairs) should be given such weight as to prevent the transfer.

■ In deciding a 1404(a) motion, the moving party must sustain its burden of showing that the statutory considerations are satisfied by a preponderance of facts. Biedrzycki v. Alcoa Steamship Co., 191 F.Supp. 895 (E.D. Pa.1961). The Court finds that the defendants have sustained this burden, and that a transfer to the Southern District of New York would be for the convenience of the parties and in the interests of justice. Plaintiff's reliance on Girsh v. Jepson, 355 F.Supp. 1104 (E.D.Pa. 1973) is misplaced. In *Girsh*, a securities law class action, in which at least one plaintiff resided in the Eastern District, the Court denied a transfer to the Central District of California as it would merely shift the burden of inconvenience from the defendants to the plaintiffs, who would have had to supervise litigation at a distance over 3,000 miles or incur extraordinary expense and inconvenience of relocation. In the instant case, however, both forums are convenient to the plaintiff, and the Southern District of New York is more

convenient for the defendants and the witnesses.

The decision of this Court in Professional Adjusting Systems of America, Inc. v. General Adjustment Bureau, Inc., 352 F.Supp. 648 (E.D.Pa.1972) is dispositive of the transfer issue in the instant case. Therein, as here, plaintiff had no relevant contacts in the Eastern District of Pennsylvania. Moreover, unlike this case, the defendant therein had five district offices within this forum; the defendants herein have none. The facts of the case fall squarely within the *Professional Adjusting* opinion. Moreover, in that case, an anti-trust suit, the plaintiff's choice of forum was given greater weight. As previously noted, in a shareholder derivative action the plaintiff's choice of forum is not afforded the consideration it can expect in other types of actions.