**RESIDEX CORPORATION**

v.

**Eugene FARROW et al.**

**Richard S. ROBINSON, Individually and as representative of a class**

v.

**CO–BUILD COMPANIES, INC., et al.**

**Civ. A. Nos. 73–1782, 73–1826.**

United States District Court,
E. D. Pennsylvania.

March 26, 1974.

Schnader, Harrison, Segal & Lewis by Charles C. Hileman, III, C. Gary Wynkoop, Philadelphia, Pa., for plaintiff Residex Corp.

Bolger & Picker by Carl S. Tannenbaum, Steven R. Waxman, Philadelphia, Pa., for plaintiff Richard S. Robinson.

Drinker, Biddle & Reath by Henry W. Sawyer, III, Philadelphia, Pa., for defendant Eugene Farrow.

Fell, Spalding, Goff & Rubin by Joseph L. Ehrenreich, Philadelphia, Pa., Milton Paulson, New York City, for defendant Sidney Kessler.

Dechert, Price & Rhoads by George J. Miller, Warren Vogel, Philadelphia, Pa., for defendant Kenneth Klein.

Blank, Rome, Klaus & Comisky by Daniel J. McCauley, Jr., Leonard Dubin, William E. Taylor, III, Philadelphia, Pa., for defendant Laventhol, Krekstein, Horwath & Horwath.

Stuart H. Savett, Philadelphia, Pa., for defendants Co-Build Companies, Inc., Robert Cramer, Sanford Miller, Richard D. Nagel and Theresa King.

Montgomery, McCracken, Walker & Rhoads by Joseph W. Swain, Jr., Philadelphia, Pa., for defendant Stephen H. Kornfeld.

White & Williams by Thomas R. White, Jr., Francis P. Devine, III, Philadelphia, Pa., for defendants Butcher & Singer and Thomson & McKinnon Auchincloss, Inc.

## OPINION AND ORDER

HANNUM, District Judge.

Presently before the Court are Motions for Change of Venue in both the Robinson, etc. v. Co-Build Companies, Inc., et al. and the Residex Corporation v. Farrow et al. cases (hereinafter the Robinson and Residex cases, respectively). Due to the similarity of the issues and the parties involved in the two cases, it is appropriate that both cases should either stay in this district or both be transferred. Therefore, the two motions will be decided together.

The plaintiff in the Residex case brought the action August 6, 1973 to recover damages allegedly caused by nondisclosures and misrepresentations of material facts in violation of the federal security laws by defendants, individually and in conspiracy with each other, in connection with the plaintiff's purchase in April and May of 1973 of 45% of the common stock of Co-Build Companies, Inc. (hereinafter "Co-Build"). The defendants are Eugene Farrow and Sidney Kessler, former officers and directors of Co-Build, from whom Residex Corporation purchased 500,000 shares of Co-Build stock at allegedly grossly excessive prices, Husnu Ozyegin, former Vice-President and Treasurer of Co-Build, Kenneth Klein, an individual who allegedly participated in the conspiracy, and Laventhol, Krekstein, Horwath & Horwath (hereinafter "Laventhol"), an accounting firm that from 1969 until 1973 audited the financial statements of Co-Build, and who allegedly participated in the conspiracy and also negligently and fraudulently prepared and certified Co-Build's financial statements upon which plaintiff claims it relied in purchasing the Co-Build stock.

The Robinson case was brought by Richard S. Robinson August 9, 1973, individually and as a representative of a class, against the same defendants named in the Residex action (except Klein), plus a number of other defendants. Co-Build Companies, Inc. was added as a defendant. In addition, six individual defendants that are present or former officers and directors of Co-Build were also named. Thereafter, the Complaint was amended to include two additional defendants, investment and banking firms Butcher & Singer (formerly known as Butcher & Sherrerd) and Thomson & McKinnon Auchincloss Kohlmeyer, Inc.) formerly Thomson & McKinnon Auchincloss, Inc.), who acted as co-underwriters with respect to the sale of 715,500 shares of Co-Build stock on January 25, 1972 pursuant to a registration statement and prospectus which became effective on that date.

The Robinson case seeks damages allegedly sustained by the Co-Build shareholders as a result of substantially the same misrepresentations and nondisclosures alleged in the Residex Complaint.

Pursuant to 28 U.S.C. § 1404(a) defendants Farrow, Kessler and Klein have moved the Court to transfer the *Residex* action to the United States District Court for the Virgin Islands on the ground that it is a more convenient forum. A similar motion has also been made by defendants Farrow and Kessler in the *Robinson* action.

The motions to transfer the two actions are made pursuant to 28 U.S.C. § 1404(a) which provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

A federal court exercises broad discretion in considering motions to transfer under this section. Detrick v. Baltimore & Ohio Railroad Company, 330 F.Supp. 257 (E.D.Pa.1971); Country Maid, Inc. v. Haseotes, 312 F.Supp. 1116 (E.D.Pa. 1970).

It is well established that in considering a motion to transfer under 28 U.S.C. § 1404(a), the plaintiff's choice of forum is entitled to great weight. City of Philadelphia v. Emhart Corp., 317 F.Supp. 1320 (E.D.Pa.1970); Clendenin v. United Fruit Co., 214 F.Supp. 137 (E.D.Pa.1963). In order to overturn the plaintiff's choice of forum, the party seeking a transfer bears a heavy burden of showing a strong balance of inconvenience. City of Philadelphia, Pa. v. General Motors Corp., 324 F.Supp. 181 (E.D.Pa.1971). As was recently stated in Shutte v. Armco Steel Corporation, 431 F.2d 22, 25 (3d Cir. 1970) cert. denied 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed. 2d 808 (1971):

"It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice '. . . should not be lightly disturbed' (citations) . . . 'The decision to transfer is in the court's discretion but a transfer is not to be liberally granted.' (citations)

The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer (citation) and '. . . unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail.'" (Emphasis in original).

The movants in the *Residex* case argue that the plaintiff is a Delaware Corporation, with its principal place of business in New Jersey, and that Courts applying the standard which gives great weight to plaintiff's choice of forum have found that weight to be minimal where the plaintiff is not a resident of the district of his choice. Grubs v. Consolidated Freightways, Inc., 189 F.Supp. 404 (D.C.Mont.1960). However, even if the Court grants only minimal consideration to plaintiff's choice of forum in the *Residex* case, such minimal consideration taken together with the results of balancing all the relevant factors involved in the *Robinson* and *Residex* cases militates that the actions remain in this district.

Plaintiff Richard S. Robinson in the *Robinson* case is a resident of the Eastern District of Pennsylvania. However, the movants contend that his choice of forum is entitled to less weight because he has initiated this suit on behalf of a class. To support their argument the movants rely, *inter alia,* on Harris v. American Investment Co., 333 F.Supp. 325 (E.D.Pa.1971) and Schneider v. Sears, 265 F.Supp. 257 (S.D.N.Y.1967). Both of these cases are distinguishable on their facts from the *Robinson* case.

The *Harris* case was brought by plaintiffs on their own behalf, derivatively and as representatives of a class of all present and former common stockholders of an investment company, asserting violations of the federal securities laws. In the *Harris* case, the Court ordered a transfer from this District to Missouri, however, the Court found Missouri was clearly a more convenient jurisdiction for litigating the dispute. It should also be noted that the corporate defendant, the sale of whose securities was the

principal issue, had argued for the transfer. In the *Robinson* case, the corporate defendant Co-Build, the sale of whose securities are the main issue, is not in favor of the transfer.

Furthermore, in the *Harris* case the Court recognized that the proposed transferee district was more convenient to class members generally and stated:

" . . . Missouri would be a more convenient forum than Pennsylvania because the other stockholders as members of the class have an interest in this action and a right to join in it. Missouri is more centralized for the stockholders nationwide and is also where the greatest number of stockholders reside." (pp. 326–327)

Conversely, in the *Robinson* case, the greatest concentration of proposed class members is not centralized around the proposed transferee district. Rather, it appears that the greatest concentration of shareholders of Co-Build are located in the Metropolitan corridor between Washington, D. C. and Boston, Massachusetts.[1]

The other case that movants rely on heavily, *Schneider*, involved ten separate class actions under the federal securities laws instituted by stockholders against Westic, a Nevada Corporation, with its principal place of business in Houston, Texas. The Court transferred the action from the Southern District of New York to Houston where there already were three similar actions pending. In deciding to transfer the case, the Court stated that "the burden is on the movant to make a clear showing that the proposed transferee district is a more convenient one, and that the interests of justice would be better served by a trial there."[2] Most importantly, the *Schneider* court found that the balance of convenience to the parties decidedly tipped in favor of Houston. The Court felt that in view of the pendency of the similar actions in Houston, retention by the New York Court of jurisdiction would result in wasteful and unnecessary duplication. The Court also pointed out that all the accounting and auditing services for the defendant corporation were performed by a national accounting firm's office in Houston. The ten plaintiffs were evenly divided on whether the action should be transferred. However, a great majority of the defendants, who would be principal sources of evidence, resided in Houston, while a comparatively few resided in or near New York.

Finally, the *Schneider* Court held that the significance of plaintiff's choice of forum was diminished in these ten class actions since the members of the pro-

1. The Affidavit of Paul D. Koether, dated November 16, 1973, and attached to the Memorandum of Various Defendants In Opposition To Motion For Change In Venue (*Robinson* case) states:

"4.—As of February 14, 1973, there were 388 individuals with addresses of record in the state of Pennsylvania owning 106,813 shares and twelve brokers with addresses of record in the state of Pennsylvania holding 155,072 shares.

5.—As of February 14, 1973, there were in the states including and surrounding Pennsylvania, that is, Pennsylvania, New Jersey, New York, Maryland, Virginia, Connecticut, Delaware and the District of Columbia, 1,119 individual stockholders with addresses of record in those states and in the District of Columbia holding 294,155 shares and 93 brokers with addresses of record in those states and in the District of Columbia owning 864,963 shares.

6.—As of February 14, 1973, there were 280 stockholders of record with addresses in the Virgin Islands owning 12,508 shares. Of the 280 shareholders, 260 owned less than 100 shares, and 184 of these 260 stockholders owned but one share each. As of this date, February 14, 9173, no broker with an address of record in the Virgin Islands held any shares.

8.—As of February 14, 1973, brokers and individuals in the states of Pennsylvania, New Jersey, New York, Maryland, Virginia, Connecticut, Delaware and in the District of Columbia owned 47% of all the shares outstanding.
Excluding the holdings of Farrow and Kessler, such individuals and brokers owned approximately 78% of the outstanding common stock."

2. 265 F.Supp. 257 at 263.

posed class were scattered geographically with the greatest concentration of proposed class members being centralized around the proposed transferee district, i. e., a majority of the corporation's shareholders resided in Texas. As noted above, the converse is true in the *Robinson* case and it would appear to be more convenient for the majority of proposed members in the *Robinson* case to litigate in this district rather than in the district for the United States Virgin Islands.

Two recent district court decisions in this district have considered the weight to be given plaintiff's choice of forum in class suits. City of Philadelphia v. Emhart Corp., *supra,* involved class actions under the Sherman Anti-Trust Act, by city and other governmental authorities and others, throughout the nation, all of which had purchased certain locks from one or more of the defendant manufacturers. The movants, four corporate defendants, sought to transfer the action from the Eastern District of Pennsylvania to a district closer to their principal place of business, where most of the defendant's witnesses and records would be more conveniently available.

Even though class actions were involved, the *Emhart* Court adhered to the principle that plaintiff's choice of forum is entitled to great weight and that in order to effect a transfer the moving party has a heavy burden of showing a strong balance of inconvenience. The Court concluded that the defendants failed to overcome the great weight to be accorded to plaintiff's choice of forum:

> " . . . Focusing on the convenience of the plaintiff, it is apparent that if plaintiff's class is limited to a geographic area, or if at some later time we should deny class action treatment altogether, that the plaintiffs will have a great interest, particularly with regard to the presence of witnesses and documents in proving their damages, in having their case heard in the Eastern District of Pennsylvania (317 F.Supp. 1320 at 1322)."

It should be noted that the *Emhart* Court considered the fact that no decision had been made by the Court concerning whether a class action device was appropriate. Similarly, in the *Robinson* case there has been no judicial determination of the propriety of the class action. It would be unfortunate for the individual plaintiff Robinson to have this action transferred to the Virgin Islands only to have the defendants successfully oppose the class action motion in that district.

Recently, in Girsh v. Jepson, 355 F. Supp. 1104 (E.D.Pa.1973), another district court in this Circuit considered the weight to be given the plaintiff's choice of forum in a class action suit. The plaintiffs, stockholders in one of the defendant corporations involved in the case, alleged that the defendants had violated federal securities laws. The *Girsh* Court held that even in a class action the plaintiff's choice of forum is entitled to great weight. The eight moving defendants were found not to have met the heavy burden of overcoming the plaintiff's choice of forum even though their motion to transfer was supported by very compelling arguments: the vast majority of witnesses resided in the proposed transferee forum, the directors' and witnesses' business would be substantially interrupted if they had to come to this district to testify, all of the proof would have to come from the defendants' records, and, finally, great expense would be involved if defendants were forced to transfer the necessary records to this District. In considering the weight to be given plaintiff's choice of forum in a class action, the Court concluded:

> "Movants here have not met the heavy burden of overcoming the plaintiffs' choice of forum. This case is one of national scope being brought as a class action and, thus the action could be brought in any District in the United States where service could be made. If this Court were to transfer every class action, which has similar facts to the case at Bar, because of in-

convenience to the defendants, the plaintiffs' right to choice of forum would virtually be eliminated and the defendant could turn the burden of inconvenience back to the plaintiff. This Court feels that the plaintiffs have chosen their forum and the fact that one of the plaintiffs lives in the District adds considerable burden to the defendants, which has not been overcome." (355 F.Supp. 1104 at 1106)

■ Thus, plaintiff's choice of forum should be accorded great weight in the *Robinson* case since the individual plaintiff lives in this District, no decision has been made by the Court concerning whether a class action device is appropriate, and, in the event that the class action device is deemed to be appropriate, the greatest concentration of class members is centralized around this District and not the proposed transferee district.

In considering the convenience of the parties in the two cases, *Residex* and *Robinson*, we must consider a total of sixteen parties. There are two plaintiffs involved, both of whom oppose the transfer. In addition, as noted above, plaintiff Robinson speaks for a proposed class, most of whom reside in Pennsylvania and the surrounding areas. Plaintiff Residex, although a Delaware corporation, does have its principal place of business in Far Hills, New Jersey, and it does, through its wholly owned subsidiary Atlantic Residex Corporation, maintain an office and place of business in Blue Bell, Pennsylvania within the Eastern District of Pennsylvania. Paul and Natalie Koether, who are the principal executive officers of Residex, reside in Far Hills, New Jersey which makes it much more convenient for them to litigate in this District than in the District for the Virgin Islands.

There are fourteen defendants, only three of whom favor the transfer. All of the other defendants are either neutral or oppose the transfer. The key corporate defendant, Co-Build, opposes the transfer as do the co-underwriters Butcher and Singer, and Thomson and McKinnon Auchincloss, Kohlmeyer, Inc. Butcher and Singer is a Pennsylvania corporation with its principal place of business located in Philadelphia. All underwriting work done by Butcher and Singer in connection with the offering involved in the *Robinson* case was done by personnel connected with the Philadelphia office and the documents accumulated in the course of the underwriting are located in Philadelphia. Thomson is a Delaware corporation with its principal place of business in New York City, New York. It does maintain an office in Philadelphia. All underwriting work done by Thomson in connection with the offering was done by personnel connected with the New York office and the documents accumulated in the course of the underwriting are located in New York. Thomson avers that it would be severely inconvenienced if it was required to send personnel and documents to the U. S. Virgin Islands (rather than to Philadelphia which is located much closer).

The individual defendants Robert Cramer, Sanford Miller, Richard D. Nagel, Stephen H. Kornfeld and Theresa King, likewise oppose the Motion to Transfer. Thus, of the fourteen defendants in the case, eight actively oppose the transfer. Three defendants have taken no position on the subject: the defendant Francisco Corneuo is dead and the defendant Husnu M. Ozyegin has not been seen in the Virgin Islands for months and is believed to be living in Europe. Defendant Laventhol, Krekstein, Horwath and Horwath, who performed the accounting and auditing services for Co-Build, maintains its main office in this District and its employees who provided the services for Co-Build are employed at the Laventhol Krekstein office in this District. In sum then, the strong numerical majority of the parties involved in the two cases presently under consideration are opposed to the transfer because of the inconvenience and injustice it would cause to them.

The next factor to be considered in regard to the Motions under 28 U.S.C. § 1404(a) is the convenience of witnesses. The movants rely on several arguments for their Motion to Transfer, one of which is that Co-Build is a Virgin Islands corporation with its principal place of business in the Virgin Islands. However, as will presently be seen, Co-Build maintains significant contacts with this area and the balance of convenience for the presence of witnesses and the production of documents at trials weighs in favor of the two cases remaining in this District. Co-Build has a co-headquarters in Philadelphia and Philadelphia appears to have been Co-Build's principal source for expert advice: Co-Build's general counsel, real estate counsel, accountants, management consultants and investment bankers all are located in Philadelphia and within the range of compulsory process issued from this Court. If the action is transferred to the U. S. Virgin Islands these witnesses will be beyond the range of subpoena. Also, it is reasonable to assume much documentary evidence concerning the corporation is located within the District in the possession of these witnesses.

It appears that the testimony of the Philadelphia accountants employed by Co-Build, Laventhol, Krekstein, Horwath & Horwath, would be of crucial importance in both *Residex* and *Robinson* cases since Laventhol was the general accountant for Co-Build during the years 1969 through 1973 and it's alleged that they failed to use proper accounting practices and procedures in the preparation of financial statements and quarterly reports of Co-Build that were operative in creating a market for Co-Build stock. As plaintiff Residex points out, counsel for Laventhol have represented that the working papers involved comprise in excess of fifty thousand documents and are located in Philadelphia.[3]

Moreover, although Co-Build is a Virgin Islands entity, its operations are not restricted to the U. S. Virgin Islands but include ventures in Pennsylvania and other locations in the Continental United States.[4] As plaintiff Robinson notes, his complaint is not limited to those transactions involving Co-Build occurring solely in the U. S. Virgin Islands.[5] Thus, witnesses and documents which are located outside of the U. S. Virgin Islands and are relevant to the operations of Co-Build are necessary for purposes of discovery and trial.

An additional reason for denying the Motions to Transfer is that the plaintiff in the *Robinson* case states that he may wish to compel the attendance of witnesses and documents from Residex Corporation, plaintiff in the *Residex* case. Plaintiff Robinson states that since Residex has purchased such a large number of shares of Co-Build, he believes that a substantial amount of books, records and documents relevant to his cause of action are located at the office of Residex. As mentioned above, Residex maintains its principal place of business in Far Hills, New Jersey, which is within 100 miles of the Eastern District of Pennsylvania. Pursuant to Fed.R.Civ.P.

---

3. Plaintiff's (Residexes) Brief in Opposition to Defendants' Motion and Supplemental Motion to Transfer Under 28 U.S.C. § 1404(a).

4. Paragraph 2 of the Affidavit of Richard S. Robinson states:
   "Although Co-Build is a Virgin Island entity, its operations are not restricted to the U.S. Virgin Islands, but include ventures in:
   a. Pennsylvania (Wanamaker Towers in Philadelphia);
   b. New Jersey (Mystic Islands, Mystic Shores and Hamilton Village);
   c. Maryland (Rollin's Hills in Prince George's County);
   d. Florida (Mystic Gardens near Orlando, Florida);
   e. Texas (townhouse communities in Houston, Texas);
   f. Antigua (low and moderate income housing)."

5. Plaintiff's (Robinson) Memorandum of Law In Opposition To The Motion of Defendants Farrow and Kessler for Transfer Pursuant to 28 U.S.C. § 1404(a) p. 3–4.

45(e), plaintiff Robinson may compel the attendance of witnesses and documents from Residex Corporation only if the trial of this case is held in this District.

Although the movants contend that the situs of the alleged fraudulent activities involved in *Robinson* and *Residex* occurred in the Virgin Islands, it appears that with respect to the *Robinson* case, the misrepresentations and omissions alleged in the Complaint took place in the Eastern District of Pennsylvania where the individual plaintiff is a resident. With respect to the *Residex* case, it appears from the affidavit of Paul and Natalie Koether that substantially all of the negotiations leading up to the stock acquisition at issue took place in Pennsylvania, New York and New Jersey. No negotiations for the purchase of shares of Co-Build were conducted in the Virgin Islands and no part of either the tender offer or the stock purchase took place in the Virgin Islands.[6]

There undoubtedly will be some witnesses located in the U. S. Virgin Islands who have relevant information that may have to be obtained by deposition. However, in view of the substantial contacts these cases have with this District, the number of such witnesses would appear to be smaller than the number of witnesses located in or near Philadelphia. Also, documents located on the U. S. Virgin Islands will probably be needed for discovery and trial purposes. However, again, the comparative volume involved does not necessitate a transfer.

■ The movants make several arguments which do not weigh heavily with the Court. Firstly, they point out that they may conceivably get a faster trial in the District Court of the Virgin Islands than in the District Court for the Eastern District' of Pennsylvania. While this relative congestion of court dockets may be considered in a motion to transfer, it is never a factor to which great weight is assigned. Bogo-

sian v. Gulf Oil Corporation, 337 F. Supp. 1230 (E.D.Pa.1971); Peyser v. General Motors Corporation, 158 F. Supp. 526 (S.D.N.Y.1958). Movants additionally argue that there is pending in the District Court in the Virgin Islands an action in which defendant Farrow is suing Co-Build for Co-Build's alleged default in his contract of employment. When parties move to transfer an action to another district and rely on the pendency of related actions in that other district, complete and accurate information should be furnished as to those related actions. Farrell v. Piedmont Aviation, 295 F.Supp. 228 (S.D.N.Y.1968). The memoranda of various parties in opposition to the motions for change of venue state that the lawsuit was filed several days after the movants filed their Motions for Change of Venue and long after the Complaints in the *Residex* and *Robinson* cases were filed. In addition, although conceivably there might be some overlap in the issues involved, on the one hand you have a lawsuit involving a breach of contract, while on the other you have two cases involving complex cases under the federal securities laws.

Finally, with respect to the contentions of two of the movants, Farrow and Kessler, that they are unable to travel to this District for health reasons, under such circumstances if health conditions justify it, their depositions can be taken in the U. S. Virgin Islands pursuant to Fed.R.Civ.P. 32.

■ A showing of inconvenience to the defendant is not enough for the granting of § 1404(a) relief, where the transfer would merely shift the inconvenience to the other party. Atlas Financial Corp. v. Transamerica Insurance Co., 340 F.Supp. 688 (E.D.Pa.1972). Unless the balance of convenience of the parties is strongly in favor of the movants, the plaintiff's choice of forum should prevail. Shutte v. Armco Steel Corporation, *supra*. Under the present circumstances, the Court does not feel

---

6. Affidavit of Paul D. Koether and Natalie I. Koether, Esquire, #24.

that the movants have sustained their burden of proving that the convenience of the parties and witnesses and the interest of justice require the transfer of the two cases.

For all the foregoing reasons, the Motion for Change of Venue under Section 1404(a) of the defendants Farrow, Kessler, and Klein in the *Residex* case, and the Motion for Change of Venue under Section 1404(a) of defendants Farrow and Kessler in the *Robinson* case, are denied.