**IMPERVIOUS PAINT INDUSTRIES, LTD.**

v.

**ASHLAND OIL, INC., Cargill, Inc., Reichhold Chemicals, Inc. and Reliance Universal, Inc.**

Civ. A. No. 77–2793.

United States District Court, E. D. Pennsylvania.

Jan. 16, 1978.

Judah I. Labovitz, Seymour Kurland, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for plaintiff.

John G. Harkins, Jr., William A. DeStefano, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Reliance Universal, Inc.

Edwin P. Rome, Norman L. Holmes, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for Cargill, Inc.

John T. Clary, Philadelphia, Pa., for Ashland Oil, Inc.

Raymond W. Midgett, Jr., Arthur E. Newbold, Philadelphia, Pa., for Reichhold Chemicals, Inc.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Defendant Reliance Universal, Inc. has moved for transfer of this action under 28 U.S.C. § 1404(a) to the Western District of Kentucky at Louisville. This motion is joined by the other three defendants, Ashland Oil, Inc.; Cargill, Inc.; and Reichhold Chemicals, Inc. Upon consideration of the

affidavits, briefs and oral argument, the Court has decided to grant defendants' motion.

Section 1404(a) allows a district court to transfer a pending case to another district if three separate factors are served: the parties' convenience, the witnesses' convenience, and the interest of justice. The transferee district must be one in which the case might have been originally instituted. Here, under the liberal venue provisions of the antitrust laws, it is agreed that this action could have been brought in the Louisville federal court. Before weighing each of the three factors, the Court would like to enunciate the facts it has relied upon in this case. The Court of Appeals, in *Plum Tree v. Stockment,* 488 F.2d 754 (3d Cir. 1973), required the district court to demonstrate its record before transferring a case under § 1404(a). Here, the Court has not only had oral argument on the record, as advised by the *Plum Tree* court, but has studied the affidavits submitted by the parties. Considering only those affidavits as a proper evidentiary source, *Kisko v. Penn Central Transp.,* 408 F.Supp. 984 (M.D.Pa. 1976), the Court makes the following findings of facts.

Plaintiff Impervious has instituted a "tag-along" antitrust action in this district based on a government civil injunctive action and criminal indictment filed in the Western District of Kentucky at Louisville. The instant complaint is against the same corporate defendants as are the government actions, and essentially tracks those pleadings. The Louisville proceedings are well into the pretrial stages, with discovery, motions and hearings presently in progress. The Louisville cases are both assigned to Judge Allen, who is the only federal judge sitting in Louisville.[1]

This plaintiff claims that the four defendants conspired together to control the sale of resins used in the manufacture of paint. Plaintiff contends that there are as many as 1300 members of the proposed class. These putative parties are scattered nationwide, with 16 having facilities located in the Louisville area, and 17 in the Philadelphia region. Defendant Reliance and Ashland are Kentucky corporations, headquartered in or around Louisville. However, Ashland's resin division is located in Dublin, Ohio, which is 209 miles from Louisville and 462 miles from Philadelphia. Reichhold is headquartered in White Plains, N. Y., but notes that Louisville is more convenient to its many offices across the nation. Cargill's main offices are in Minnetonka, Minnesota. Impervious, the only named plaintiff, is a Pennsylvania corporation with its principal place of business in Philadelphia. All defendants except Reliance maintain phone listings in or around Philadelphia and all have registered agents in the Commonwealth.

The grand jury that returned the Louisville indictment subpoenaed many of the documents that will be relevant to the case. A Reliance officer stated that over 2,500 documents were turned over for the investigation and none have yet been returned. Although precise witness lists could not be put forward since discovery has been stayed,[2] many witnesses appear to be located in the midwest. Of the 17 Reliance employees called to testify before the grand jury, 11 live in the Western District of Kentucky. Three of Cargill's employee-witnesses reside in Minnesota,[3] including the officer indicted in Louisville. Ashland's witnesses all live outside Pennsylvania, and none live closer to Philadelphia than Dublin, Ohio, except for the sole witness residing in Boston. Apparently, Reichhold's witnesses live in New York, as does its indicted offi-

---

1. Although this last fact is not in any affidavit, the Court believes that it may take judicial notice of it.

2. Since the Court of Appeals require determination of a transfer motion before proceeding on the merits, *McDonnell Douglas Corp. v. Polin,* 429 F.2d 30 (3d Cir. 1970), no discovery has been allowed. Thus, to require specific lists of witnesses and offers of proof as to their importance in the case would be unfair.

3. Two of Cargill's witnesses live in the Eastern District of Pennsylvania, one in Los Angeles, and one in Atlanta.

cer. Impervious, seeking to represent a nation-wide class, has not indicated where its witnesses will be from, of course, but the Court may infer that many will be from places other than Philadelphia.[4]

The Court should note one further piece of information of which it is now aware, although not made part of the record by affidavit. According to informal communications with the Court, it appears that plaintiff and defendant Reliance, the original movant, are engaged in serious settlement negotiations for this case. These have not been formally consummated and defendant Reliance has therefore not withdrawn its motion. Since Reliance is presently still a party to this suit, and its officers may still be called as witnesses for one side or another at time of trial, the Court has decided to view them as still seeking this transfer. If they do reach a settlement, it will be just as easy, if not easier, for Judge Allen to administer it as it would be for this Court.

Having outlined these facts, the Court will now discuss the law as it applies in the instant case. Normally, a plaintiff's choice of forum is entitled to great weight and should not lightly be disturbed. *Shutte v. Armco Steel Corp.,* 431 F.2d 22 (3d Cir. 1971). Movants bear the burden of demonstrating why transfer is proper. *Plum Tree v. Stockment, supra.* However, a motion under § 1404(a), in the last instance, is committed to the wide discretion of the trial court. *Zerance v. William Harvey Research Corp.,* 401 F.Supp. 804 (E.D.Pa.1975).

In the case at bar, the Court does not believe that plaintiff's choice should be controlling. In a class action of this nature, where there are many potential plaintiffs scattered across the country, the choice of this plaintiff deserves less weight. *Koster v. Lumberman's Mutual Casualty Co.,* 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947).[5] This is especially true in the instant case for a number of reasons. First, there is no showing that plaintiff's officers will be required to participate extensively in the trial, or that their attendance will be required by counsel. Their testimony, in fact, may be quite perfunctory, outlining only their dealings with the defendants. In *Goodman v. Fleischman,* 364 F.Supp. 1172 (E.D.Pa. 1973), Judge Fogel discounted a class representative's inconvenience when there was no showing that trial would require his presence. *Accord, Blender v. Sibley,* 396 F.Supp. 300 (E.D.Pa.1975). Second, there is every indication that this is a truly nationwide class, with no concentration in this district. Defendants assert that only 3% of the class is located here; Judge Fogel found almost twice that amount to still be insufficient evidence to defeat transfer of *Goodman.* An equal number of class members appear to be located in both the transferor and transferee districts. As in *Harris v. American Investment Co.,* 333 F.Supp. 325 (E.D.Pa.1971), the Court finds that a central location would help the class members.

---

4. For example, a related case has been filed in this district involving an Illinois plaintiff. *Hydrosol, Inc. v. Ashland Oil,* C.A.No. 77–4033. Since that plaintiff is interested enough in this cause of action to file its own case, rather than sitting back and relying on its putative class representative, one can deduce that its officers are probable witnesses for this case.

5. There is a split in the case law of this district on the issue of the weight to be given plaintiff's choice in a class action situation. In *Residex Corp. v. Farrow,* 374 F.Supp. 715 (E.D.Pa. 1974), Judge Hannum, citing decisions by Judges Wood and John Morgan Davis, gave significant weight to plaintiff's choice. However, he noted that most of the purported class lived in Pennsylvania, as did the two named plaintiffs. Furthermore, only 3 of the 14 defendants in that action desired transfer, unlike as in the instant case, and in fact two key defendants opposed it. Judge Ditter, on the other hand, said that "far less weight" was to be given to plaintiff's choice in a class action situation. *Blender v. Sibley,* 396 F.Supp. 300 (E.D.Pa.1975). Also citing *Koster,* Judge Fogel downplayed the choice of plaintiff. *Goodman v. Fleischman,* 364 F.Supp. 1172 (E.D.Pa.1973). Judge VanArtsdalen also followed this line in *Harris v. American Investment Co.,* 333 F.Supp. 325 (E.D.Pa.1971). In *Blanning v. Tisch,* 378 F.Supp. 1058 (E.D.Pa.1974), Judge Luongo, while reciting the black letter law giving weight to plaintiff's choice, allowed transfer, noting that the two class representatives' roles were likely to be limited and therefore their convenience was overshadowed by other factors.

In *Harris,* Judge VanArtsdalen decided that the expense of plaintiff in litigating in Missouri was outweighed by the expenses that would be incurred by other class members travelling to the less centrally-located Eastern District of Pennsylvania. Here, Kentucky would be more convenient for three of four defendants, and an unknown but significant portion of the class members, should they desire to actively participate.

█ Since plaintiff's choice is not controlling in this class action, the Court should consider if the § 1404(a) factors are in equipoise or favor one district particularly. It is clear, as outlined above, that Kentucky is most convenient for a majority of the parties, since it is so central in location. Second, at this point it appears that a large number of witnesses live in or around Kentucky, most live in the midwest, and few live in this district. Therefore, transfer would meet the convenience of both parties and witnesses.[6]

The most compelling reason for transfer is that it would serve the interests of justice. One important fact is the presence of the two government actions in Louisville. Chief Judge Allen is rapidly becoming well-acquainted with the allegations underlying this complaint, as he conducts pretrial activities in the civil injunctive and criminal actions. Since he is the only judge sitting in Louisville,[7] the Court is assured that he will be presiding over this case when transferred. Therefore, the transferee court's familiarity with the facts of the case will be helpful to its progress. This, of course, is not a case where the transferred case can be consolidated with cases pending in the transferee district, as in *Blanning v. Tisch,* 378 F.Supp. 1058 (E.D.Pa.1974), or *Kisko v. Penn Central Transp., supra.* However, as noted in *Blender v. Sibley,* the pendency of a dissimilar action is a factor favoring transfer when duplication of discovery efforts could be avoided by proper judicial coordination.

The second fact relating to the interests of justice that mandates transfer of this case is the location of much of the documentary evidence in Louisville, having been subpoenaed by the grand jury. Access to documents is especially important in an antitrust case such as this, where much of the proof will be documentary. The presence of documentary evidence has encouraged transfer in many cases, such as *Blanning v. Tisch* and *Blender v. Sibley, supra.*

In transfers under the multi-district panel's authority pursuant to 28 U.S.C. § 1407, the pendency of government criminal and civil actions is highly relevant. *In re Sugar Industry Antitrust Litigation,* 395 F.Supp. 1271 (Jud.Pan.Multi.Lit.1975) and cases cited therein. In *Sugar,* the panel relied on three primary facts: 1) transfer would permit coordination between the government and private actions; 2) the grand jury documents were located in the transferee district and would "no doubt" be sought by private litigants; 3) the transferee forum was most convenient for a majority of parties and witnesses. In the case at bar, all of these factors are present and would certainly require transfer for pretrial proceedings under § 1407. The presence of a judge already familiar with the allegations, however, mandates transfer of this action for all purposes under § 1404(a). This Court finds that defendants have met their burden and that such a transfer, in this class action of national proportions, would best serve the policies enunciated in § 1404(a).

---

6. The Court has not given much weight to the convenience of the parties' counsel, but only the parties' own needs. While counsel is to be given some consideration, their location is not controlling. *Inductotherm Corp. v. Pillar Corp.,* 417 F.Supp. 991 (E.D.Pa.1976).

7. The Western District has another judge who sits in Lexington, but his position is shared with the Eastern District.